Lang
v.
The State.

LANG v. THE STATE.

A *scire facias* on a recognizance taken out of Court, must show that the recognizance was taken by a person legally authorised to take it; that it was duly acknowledged before him; and that it was filed and recorded in the proper Court.

*Tuesday,
May 27.*

ERROR to the *Morgan* Circuit Court.

STEVENS, J.—On the 23d day of *October*, 1832, a writ of *sci. fa.* issued out of the office of the clerk of the Circuit Court of the county of *Morgan*, summoning *Lang*, the plaintiff in error, to show cause if any he could show, why the state of *Indiana* should not have execution against him for the amount of a certain recognizance, &c. The *sci. fa.* alleges that the hon. *Hiram Matthews*, one of the associate judges of said Court, did on a certain day, file in said clerk's office a certain recognizance, which is set forth *in hæc verba;* and that afterwards, at a certain term of said Court, *Lang* was called and defaulted, the recognizance made absolute, and the writ of *sci. fa.* awarded. This is in substance all that the *sci. fa.* contains. To this writ, an issue in law was made upon a general demurrer, and the demurrer was overruled, and judgment rendered in favour of the state that she have execution, &c.

Several exceptions are taken to the judgment, record, and proceedings. First, It is said that the recognizance is insufficient, upon its face, to authorise the proceedings had, in consequence of the uncertainty as it respects the time when the recognizors were bound to appear and answer. This objection we think is not well taken; the recognizance as to that is sufficiently certain to authorise the proceedings, if it is in every other particular regular, legal, and valid.

The next objection is a very general one, and applies to the whole record and proceedings. This Court has said, in the case of *Andress* v. *The State* (1), that a *sci. fa.*, though a judicial writ, must be considered as an original action, to which the defendant may plead; that it must contain a legal cause of action; that it must show a sufficiency, on its face, to authorise the judgment asked for. This decision of the Court is well sustained by reason, justice, and the authorities, and will not

be departed from. The *sci. fa.* in this case is founded upon a recognizance not taken by a Court of record; and a recognizance not taken by a Court of record, is not strictly a record until it is filed and entered in a Court of record by the proper authorities; and even not then, unless it is taken by a person legally authorised. Hence, every *sci. fa.* founded on such a recognizance should show, by proper averments, that the person taking it was legally authorised so to do, and that he filed it in the proper Court of record to be recorded, and that it was so recorded, and thereby became a part of the records of said Court, and still so remains, &c. 2 Marsh. 132.—2 Evans' Harris, 470. The *sci. fa.* in these and other particulars is wholly defective. It is no where shown that the recognizance was taken by a person legally authorised; nor is it alleged that it was taken by any person. The only statement in relation to that is this, that on a certain day his honour, *Hiram Matthews, filed* a recognizance in these words, &c.; but it is not stated by whom it was taken, nor is it stated when or where it was taken. But even if it did show that it was taken by his honour *Hiram Matthews,* still it does not show that he was authorised. An associate judge can only act in his proper county, therefore it is material in a case like this, to show that the recognizance was taken in the proper county; in this case however that is not shown. Again, it is not averred that the recognizors ever appeared before any person and acknowledged the recognizance; the only statement on that point is, that the recognizance is signed by *Elijah Lang,* &c.; but there is no averment that it was made and acknowledged, &c. by him, nor is there any statement that can be construed to amount to that averment.

There are many other defects in the record, but it would be a useless waste of time to notice them all specially. The whole record taken together is certainly without precedent; it neither contains the form nor the substance of a record of the Circuit Court. It is simply a copy of various papers and minutes of the order book, without either a *placita* or parties: in which there is not, substantially and directly, a single fact stated. A record should be a legal, logical, and succinct statement of facts, and not a literal copy of the papers, minutes, and evidence, by which the facts might be proved. The transcript presented to us is not even certified as is required by statute. The statute requires that the clerks of the Circuit Courts shall

44

certify that the transcripts sent up to this Court are full and complete transcripts of the record, &c.; the certificate on this transcript is, that it is a copy of the proceedings had, &c.

In disposing of the objections raised to this record, we have not looked behind the writ of *sci. fa.;* all the proceedings up to the time of issuing that writ may be regular, correct, and legal, on which available proceedings may be had, and therefore we give no opinion respecting them.

*Per Curiam.*—The judgment is reversed, and the cause remanded, &c.

*P. Sweetser*, for the plaintiff.
*W. Herod*, for the state.

(1) Ante, p. 108.