May Term, 1838.

The State
v.
Humphries.

---

## The State *v.* Humphries.

A *scire facias* against a surety on a recognisance for his principal's appearance at the next term of the Circuit Court is not sufficient, unless it show the default of the principal.

*Wednesday,*
*June 6.*

ERROR to the *Rush* Circuit Court.

Sullivan, J.—The *scire facias* in this case shows that on the 11th of *March*, 1837, *Erasmus J. Doles*, *Henry Henderson*, and the defendant, *Humphries*, entered into a recognisance before a justice of the peace of *Rush* county, the condition of which was, that if the said *Doles* should personally appear at the next Circuit Court of said county, on the first day thereof, and answer the State of *Indiana* on a complaint of forgery, and abide the judgment of the Court thereon and not depart without leave, then said recognisance should be void, &c.; that on the first day of the next term, *Humphries*, although three times called and required to bring into Court the body of said *Doles*, came not but made default; whereupon it was considered that said recognisance be forfeited, and that a *scire facias* issue, &c.

The defendant pleaded to the *scire facias* two pleas. 1st, *nul tiel record;* and, 2dly, that *Doles* did appear before the judges of said Court on, &c., and did not depart thence without leave, &c.

Issue was taken on the first plea, and a demurrer filed to the second. On the demurrer, the Circuit Court decided the law to be for the defendant, and judgment was given accordingly.

The plaintiff contends that the second plea is wholly insufficient, and that the Court erred in not sustaining the demurrer

to it. The defendant admits the insufficiency of the plea, but insists that the *scire facias* is defective, and that the decision of the Court is for that reason correct.

This Court has heretofore said, that a *scire facias* in such a case as this, is an original action to which the defendant may plead, and that the writ must, by proper averments, contain a legal cause of action, and show sufficient matter on its face, to authorise the judgment asked for. *Lang* v. *The State*, 3 Blackf. 344. It should contain all that is necessary to constitute a good declaration. Here, the undertaking of the defendant was, that if *Doles* did not appear and answer and abide the judgment of the Court, he, the defendant, would pay to the State of *Indiana* the sum named in the recognisance. To fix the liability of the defendant, it should appear on the face of the writ, that *Doles* did not appear and answer the charge, and abide the judgment of the Court, according to the terms of the recognisance. The writ does not inform us whether *Doles* appeared or not, nor does it show that he was called and made default.

The recognisance of the defendant, as appears from the writ, was forfeited, because, on being three times called and required to produce the body of *Doles*, he failed to do so. This, he was not bound by the terms of the recognisance to do. He did not undertake to bring the body of *Doles* into Court. So soon as the principal failed to appear, the defendant became liable to pay the forfeiture; and because the *scire facias* omits to aver that important fact, we affirm the judgment of the Circuit Court.

*Per Curiam.*—The judgment is affirmed. To be certified, &c.

*W. Quarles*, for the state.
*C. B. Smith*, for the defendant.