### The State *versus* Isaac Harlow.

*Scire facias*, in favor of the State, upon a recognizance entered into by the defendant to prosecute an appeal in a criminal process, is an action; and the defendant, if he be the prevailing party, is entitled to his costs against the State under the provisions of Rev. St. c. 115, § 91.

Exceptions from the Western District Court, Goodenow J. presiding.

This is *scire facias*, sued out upon a recognizance, entered into by the defendant to prosecute an appeal taken from the judgment of a justice of the peace in a criminal proceeding. The writ and recognizance were adjudged bad on demurrer; whereupon the defendant moved to be allowed costs, which were not granted by the Court. To this ruling of the Court the defendant excepted.

*Walton*, for Harlow. The claim of the defendant for costs is founded upon the ninety-first section of c. 115, Revised Statutes. It provides, that costs shall be allowed to the prevailing party in all civil suits instituted by the State, and directs the mode of payment.

*Scire facias* is recognized as an action by § 26, c. 114, of Revised Statutes; and in Howe's Practice, 54, 137, 173, it is

classed as a civil action. An indorsement is required. Rev. St. c. 114, § 16. And property may be attached on *scire facias*. It was decided in *McLellan* v. *Lunt*, 14 Maine R. 254, that *scire facias* was a civil action.

*Moor*, Att'y Gen'l, for the State, said that the statutes cited, as well as the decision in the eighth of Greenleaf, 105, were not designed to apply to processes to carry out the administration of criminal justice. Sections 90 and 91 should be taken together. They were not intended to embrace any action arising out of criminal proceedings, as this was.

The opinion of the Court was drawn up by

TENNEY J. — In criminal prosecutions in behalf of the State, no costs are allowed in favor of the accused, if he be discharged or acquitted. But in all actions, the party prevailing shall be entitled to costs. R. S. c. 115, § 56. Under a similar provision in c. 59, § 17, of the statutes of 1821, on the return of a verdict for the defendants in an action of trespass *quare clausum fregit*, in favor of the State of Maine and the Commonwealth of Massachusetts *v.* Webster & al. the Court were moved to allow costs, but they were not allowed. The Court say, " justice seems to require, that the State in such a case should pay costs, but we are not aware, that we can rightfully enter the judgment moved for." "It may be a very proper subject for the consideration of the legislature."

By c. 115, § 91, R. S. it is provided, that in " any civil suit instituted by the State, and for the use and benefit of the State, the State shall be liable for the defendant's costs, and judgment shall be rendered for them against the State, and the treasurer of the county, in which the trial is had, shall pay the amount to the defendant, on his production of a certified copy of the judgment, and the same shall be allowed to such treasurer in his account with the State."

It is well settled, that a *scire facias* is a suit or action. *McLellan* v. *Lunt*, 14 Maine R. 254. And when brought upon a recognizance is always an original proceeding, though otherwise when upon a judgment. 6 Dane's Abridgment, c. 190, art. 1, § 8 ; Howe's Practice, 72.

A recovery of judgment upon *scire facias* upon a recogniz-
ance, entered into to prosecute an appeal from a judgment in
a criminal process, and a satisfaction thereof, is not satisfaction
of the judgment, from which the appeal was taken. Rev. Stat.
170, § 10. The *scire facias* is merely to obtain the forfeit-
ure, and is often against those not implicated in the criminal
offence charged. The action must be regarded as of a civil
nature, equally with one in another form upon a note which
may be given to the State in satisfaction of the costs, which
are a part of the sentence on conviction of a crime.

The case before us is a civil suit instituted by the State, for
its own use and benefit, and the defendant prevailed, and is
entitled to his costs.

*Exceptions sustained.*