State *v.* Kinne.

## State *v.* Kinne.

A *scire facias*, brought to recover the forfeiture on a recognizance, is a civil proceeding, and must be prosecuted in a court having civil jurisdiction.

A *scire facias* can only issue from that court which has the record upon which it is founded.

Where an appeal was taken from the judgment of a justice of the peace to the Court of Common Pleas, which had jurisdiction of the appeal, and a recognizance was entered into before the justice to prosecute the appeal in that court, and the recognizance was there forfeited, and a *scire facias* was afterwards brought on the recognizance in the Supreme Court—*Held*, that the record being in the Common Pleas, the action could not be maintained in the Supreme Court.

Scire Facias, brought in this court, and in form substantially as follows :

Whereas on the 10th day of February, 1858, before John Sargent, justice of the peace for the county of Grafton, came Bradford Kinne, James Moffitt, Nathan Kinne, and Richard Dodge, and severally acknowledged themselves to be indebted to the State of New-Hampshire as principals for Willard Kinne and Franklin Foster, they being minors, in the sum of two hundred dollars each, to be levied upon their goods and chattels, lands and tenements, and in default thereof upon their bodies respectively, if default should be made in condition following : The condition of this recognizance is such, that whereas Hiram Morris has exhibited to said justice his complaint on oath that Willard Kinne and Franklin Foster, on the 31st day of December, 1857, at Littleton, with force and arms, did make an assault upon him, the said Hiram Morris, and then and there did beat, bruise and ill-treat the said Morris, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State, and whereas the said Willard Kinne and Franklin Foster were, on the 10th day of February, 1858, convicted of said offence and sentenced by said justice to pay a fine of $5 each for the use of the county of Grafton, and costs of prosecution, taxed at $18.60, and stand committed till said sentence should be performed, from which sentence the said Willard Kinne and Franklin Foster then and there appealed to the court of Common Pleas, then next to be holden at Haverhill, in said county, on the second Tuesday of April, 1858 : Now if the said Willard Kinne and Franklin Foster shall make their personal appearance at said court of Common Pleas, and then prosecute their appeal with effect, and abide the order of said court thereon, then said recognizance to be void ; and said justice returned to the court of Common Pleas, holden at Haverhill aforesaid, on the second Tuesday of April, 1858, a copy of the record of said recognizance, duly certified and authenticated by him, which thereupon became

and was and is a record of said court; and afterwards, at the term of said court last aforesaid, to wit., on the 21st day of April, 1858, the said Willard Kinne and Franklin Foster, though each called to make their personal appearance at said court, and there prosecute their appeal, appeared not, but made default; and the said Bradford Kinne, James Moffitt, Richard Dodge and Nathan Kinne, being each called to appear and bring with them the bodies of the said Willard Kinne and Franklin Foster, appeared not, and did not produce the bodies of said Kinne or Foster, nor did they either of them appear at any time during said term:

We command you, therefore, that you summon the said Bradford Kinne, James Moffitt, Richard Dodge and Nathan Kinne, if to be found in your precinct, to appear at the trial term of the Supreme Judicial Court, next to be holden at Plymouth, in said county of Grafton, on the third Tuesday of November next, to show cause, if any they have, wherefore we should not have execution against them for the sum aforesaid, and the costs of this suit.

It was agreed by the counsel that all the questions that might arise, either upon a motion to dismiss said writ for want of jurisdiction, or upon demurrer to the same, should be reserved for the consideration of the full bench.

*H. & G. A. Bingham,* (with whom were *Bellows & Farr,*) for the defendants.

1. As to the jurisdiction of the Supreme Judicial Court, when the record is in the court of Common Pleas, as in the case at bar, we cite: *Osgood* v. *Thornton,* 23 Pick. 110; *Parsons* v. *Pearson,* 1 N. H. 336; *Vallance* v. *Sawyer,* 4 Gr. 62; *Commonwealth* v. *Downey,* 9 Mass. 520; *Bridge* v. *Ford,* 7 Mass. 209; *Carlton* v. *Young,* 1 Aiken 332; *Tracy* v. *Perry,* 5 N. H. 172. The judiciary act of 1855 recognizes and conforms to the well known and established law on

this point: that the Supreme Court has no jurisdiction. See sections 2 and 31.

2. In regard to the demurrer, we say that the recognizance is void, it being unauthorized. A recognizance is an obligation entered into before a court or officer, duly authorized for that purpose. 2 Bouv. Law Dic. 416; *State* v. *Buffum*, 22 N. H. 267. This recognizance is a statute recognizance, and was intended to be taken according to the statute, which is the only authority for it. Is it so taken, and as authorized to be taken, or is it different? It differs in two important particulars from the one required by the statute. 1. It is taken for the sum of two hundred dollars of each of the four defendants—an unreasonable sum—while the statute says that it shall be in a reasonable sum, not exceeding one hundred dollars. 2. The statute requires the condition to be for "the appearance of the appellant at said court, and to prosecute his appeal with effect, to abide the order of the court thereon, and in the mean time to be of good behavior." In the recognizance taken, the requirement, "and in the mean time to be of good behavior," is entirely omitted. And the statute further provides, that unless the full condition is complied with the appeal shall not be granted; and as a consequence the justice was not authorized to have any such recognizance entered into before him, and the thing is void. *Commonwealth* v. *Loveridge*, 11 Mass. 337; *Vose* v. *Deane*, 7 Mass. 280; *Commonwealth* v. *Otis*, 16 Mass. 198; *State* v. *Austin*, 4 Humph. 213; *Owen* v. *Daniels*, 21 Maine 180; *Harrington* v. *Brown*, 7 Pick. 232; *Darling* v. *Hubbell*, 9 Cun. 350. The complaint was discontinued, and no action can be had on the recognizance, as the respondents did not enter their appeal, nor did the State enter, for affirmance of judgment. Compiled Statutes 442, sec. 9; *Lane* v. *Estis*, 6 Vt. 286. The writ itself is void on demurrer for the same reasons assigned in *Commonwealth* v. *Downey*, 9 Mass. 520, and

*Commonwealth* v. *Daggett*, 16 Mass. 446. There is, moreover, no allegation that the defendants' default appears of record. *State* v. *Chesley*, 4 N. H. 366 ; *Dillingham* v. *The United States*, 2 Wash. C. C. 422 ; *The People* v. *Van Eps*, 4 Wend. 387.

*C. W. & E. D. Rand*, for the State.

The first position taken by the defendants is, that this court has no jurisdiction, and the authorities cited by the counsel seem to sustain the position. We would, however, cite section 8 of the law of 1855, for remodeling the judiciary.

But it may be advisable to examine the other points. On the point that the recognizance was unauthorized, we say that, in appealed cases, like this, a recognizance is a contract and not a judicial act. *Albee* v. *Ward*, 8 Mass. 83. The court in such cases does not order the recognizance, and it is the duty of the attorney to see that his appeal is properly taken. The statute says, " the appellant *shall* enter into a recognizance, with sufficient sureties in a reasonable sum, not exceeding one hundred dollars," &c. Now suppose he voluntarily enters into a recognizance in the sum of $200, is it for him to say that there is no appeal on that ground ? *Ballou* v. *Smith*, 29 N. H. 530. And so also as to the argument that the words, " and in the meantime to be of good behavior," were improperly omitted. They both go to the point that the original defendants can take advantage of their own negligence, or of an omission in their own favor. Both of these arguments, as well as the one that the defendants did not enter their appeal, sustain the view that they, from their own fault, took no valid appeal in fact, and that the judgment of the justice is still in force, and should be affirmed, with costs : that they have, in the language of the statute, " neglected and refused " to recognize according to law, and that the justice may issue his

warrant to enforce the judgment. Compiled Statutes 442, sec. 9; 564, sec. 6.

EASTMAN, J. Under the English practice, as we understand it, upon the forfeiture of all recognizances taken in criminal proceedings, the clerk of the court where the forfeiture is had makes out a certificate, drawn up in form and at length, setting forth the fact of the return of the recognizance, by whomsoever made; of the default of the recognizors, and the consequent forfeiture; and the order of the court that the recognizance be estreated—that is, extracted or taken from the other records of the court and sent to the court of exchequer. This certificate is directed to the chief baron of the exchequer and his associates, and is signed by the clerk. 4 Chitty's Cr. Law 483, 484.

The party and his sureties, by the forfeiture, become the absolute debtors to the crown for the sum or penalty mentioned in the recognizance, and can be proceeded against at once in the exchequer for the several sums in which they are respectively bound. The barons of the exchequer are, however, empowered by the 4 George III., chap. 10, to discharge any person on petition, whom they may think a fit subject for favor. The record of the forfeiture and the recognizance being sent to that court, they enforce the collection or remit the penalties, in their discretion. 1 Ch. Cr. Law 92, 106; Cro. C. C. 23, 27; 4 Black. Com. 253; 3 Black. 424; *People* v. *Van Eps,* 4 Wend. 387.

The criminal courts of England, to which recognizances are returned, and where they are taken, such as the general quarter sessions, the *oyer and terminer,* and general gaol delivery, are not courts of civil jurisdiction; and hence the necessity and practice of estreating the recognizances after default, to the exchequer, a court having civil jurisdiction, that the forfeitures may be there collected. A

recognizance is a debt upon condition, and on default is forfeited and becomes a debt due and absolute. No crime attaches to the recognizors for suffering a forfeiture, any more than in failing to perform any other civil contract; and a court of criminal jurisdiction alone has, in the absence of statutory provisions, no power to issue any process for the collection of the sums forfeited. 4 Black. Com. 269; *Commonwealth* v. *McNeil*, 19 Pick. 127.

In this country, in those States where there are courts of exclusive criminal jurisdiction, the same practice substantially prevails. After forfeiture, the records of the proceedings in the criminal courts are transmitted to courts of civil jurisdiction, and the sums forfeited are there collected. *Commonwealth* v. *McNiel*, 19 Pick. 127; *People* v. *Van Eps*, 4 Wend. 387; *Commonwealth* v. *Gordon*, 15 Pick. 193; 4 Gray 26.

This collection is usually made by proceeding against the recognizors by *scire facias*, though it is held that it may be by action of debt. *Commonwealth* v. *Green*, 12 Mass. 1; *People* v. *Van Eps*, 4 Wend. 387; 19 Pick. 138; Rastall's Entries 192. See, also, *State* v. *Chesley*, 4 N. H. 366.

In some States a recognizance is held to create a lien upon the recognizor's lands. It is said to be an acknowledgment of a debt of record; to have many of the attributes of a judgment; to bind the lands of the cognizor, and that an execution may be issued upon it as upon a judgment. *People* v. *Van Eps*, 4 Wend. 390; *State* v. *Stout*, 6 Halst. 362; *Gullet* v. *Burton*, 2 Harring. 465; *Burton* v. *Murphy*, 2 Murphy (N. C.) 339. And in a note to *Jefferson* v. *Morton*, 2 Saunders 8, it is said that "although enrolment is necessary to the validity of a recognizance, yet it bound the lands at the common law from the time of the caption; for it is the acknowledgment that gives a recognizance its force as a record, and the enrolment is for safe custody and the notifying of it to others."

In this State the Supreme Judicial Court and Court of Common Pleas have both civil and criminal jurisdiction—the Common Pleas, however, to a very limited extent in criminal matters. It is not necessary in this case to consider the limits of their respective jurisdictions; but we entertain no doubt that a recognizance, regularly forfeited in either of the courts, may be collected in the court in which it is forfeited. The proceedings must be had in the county in which the recognizance is taken, unless the court, in their discretion, shall order the venue to be changed to some adjoining county. Revised Statutes, ch. 211, sec. 17.

Where any person, under recognizance to appear before any justice, shall fail to appear, the justice is required to make a record thereof, and declare the recognizance forfeited, and to file a copy of such recognizance and record of forfeiture thereon with the clerk of the court of Common Pleas in such county. Rev. Stat., ch. 222, sec. 20. And every justice of the peace is authorized to hear and determine prosecutions and actions of a criminal nature arising within his county, where the punishment is by fine not exceeding ten dollars. From his judgment, however, an appeal may be taken to the Common Pleas, the appellant entering into a recognizance for his appearance and to prosecute the appeal, and to abide the order of the court; in which case the justice is required to make out a certified copy of the process and records in the cause, and file the same with the clerk of the Common Pleas. Rev. Stat., ch. 222, secs. 1, 2, 4; *Johnson* v. *Randall*, 7 Mass. 340; *Bridge* v. *Ford*, 7 Mass. 209. Of these appeals that court has sole jurisdiction, both by the Revised Statutes and by the act of 1855; and the recognizance taken in the case now under consideration was upon an appeal to the Common Pleas from the judgment of a justice of the peace, rendered according to the provisions of the statute cited.

State *v.* Kinne.

Upon the forfeiture of a recognizance, the practice in this State is, if the recognizance is not paid or settled to the satisfaction of the prosecuting officers, to bring *scire facias* against the recognizors, by which they are summoned to show cause why execution should not issue against them for the amount forfeited, and costs of the *scire facias.* It is a civil proceeding, and the defendant, if he succeed, is said to be entitled to costs. *Commonwealth* v. *Stebbins,* 4 Gray 25 ; *State* v. *Harlow,* 26 Maine 74 ; *Potter* v. *Titcomb,* 1 Shepl. 37. See, also, Rev. Stat., ch. 191, sec. 1.

That the forfeiture of a recognizance creates an absolute debt of record, which is in the nature of a judgment, is sustained by all the authorities. That a *scire facias* is a proper form of proceeding to enforce the collection of such a debt, is equally well settled. Very little, however, is to be found upon the subject in our own Reports.

A *scire facias* is a judicial writ in the nature of an action, and must pursue the record on which it is founded. It is a judicial writ to have execution upon a judgment or debt of record. Co. Litt. 290 ; 2 Saunders 71, note ; *Gray* v. *Jones,* 2 Wils. 251; Story Pl. 517 ; Graham's Prac. 661 ; Sellon's Prac. 274 ; *Shaw,* C. J., 4 Met. 521; *Tracy* v. *Perry,* 5 N. H. 172 ; 1 Aiken 332 ; 3 Gilman 351.

As a *scire facias* is founded upon some record of the court, it can issue only from that court which has possession of the record. *Commonwealth* v. *Downey,* 9 Mass. 520 ; *Osgood* v. *Thurston,* 23 Pick. 110 ; Story Pl. 517 ; *Parsons* v. *Pearson,* 1 N. H. 336 ; *Vallance* v. *Sawyer,* 4 Gr. 62 ; *Carlton* v. *Wells,* 1 Aiken 332 ; *Boyleau* v. *Anderson,* 2 Penn. 529 ; *Walker* v. *Wells,* 17 Georgia 547 ; *Grimke* v. *Mayraule,* 3 Brevard 202 ; *Cowden* v. *Stevenson,* Wright 116.

In *Commonwealth* v. *Downey* the court say that it is a principle well settled that a *scire facias* can issue from no court but one in possession of the record upon which it issues.

The forfeiture of a recognizance must be shown by the record. It is not sufficient to prove by evidence *aliunde* that the respondent was not present at the court. *United States* v. *Rundlett,* 2 Curtis 41; *Treasurer* v. *Merrill,* 14 Vt. 64; *Bell* v. *Murphy,* 6 Watts & Serg. 50; *Barkley* v. *The State,* 1 Meigs 93. And a *scire facias* upon a recognizance must show that the recognizance was declared forfeited by the court. *State* v. *Humphrey,* 4 Blackf. 538; *Kennedy* v. *The People,* 15 Ill. 418; *Park* v. *The State,* 4 Georgia 329.

The *scire facias* must also set forth such a state of facts as the law requires to authorize the taking of the recognizance, and must show the cause of the taking. It must likewise show that the recognizance was returned to and made a record of the court. *People* v. *Keober,* 7 Hill 39; *Commonwealth* v. *Downey,* 9 Mass. 520; *Commonwealth* v. *Daggett,* 16 Mass. 447; 4 Mass. 641; 7 Mass. 209; *State* v. *Smith,* 2 Gr. 62; *State* v. *Crippen,* 1 Ohio St. Rep. 399; *Noble* v. *The People,* 4 Gilman 433; *State* v. *Arledge,* 2 Sneed 229.

A defendant cannot question the facts stated in the record on which the *scire facias* is founded, nor resort to any defence which he could have made to the proceedings before the taking of the recognizance. *Smith* v. *Eaton,* 36 Me. 298; *Dickson* v. *Wilkinson,* 3 Howard (U. S.) 57; *Sigourney* v. *Stockwell,* 4 Met. 521; *McFarland* v. *Irwin,* 8 Johns. 77; *Shattuck* v. *The People,* 4 Scam. 477; Gould Pl., ch. 5, sec. 154. But if upon demurrer it appears that the law did not authorize the taking of the recognizance, or that it was illegally taken, judgment will be entered for the defendant. *Commonwealth* v. *Daggett,* 16 Mass. 447; *Commonwealth* v. *Downey,* 9 Mass. 520; *State* v. *Buffum,* 22 N. H. 267.

Or if there be a material variance in the recognizance upon record and the recital in the *scire facias,* the defendant may demand *oyer,* and afterwards demur. 1 Com. Dig. 706; *Simpson* v. *Commonwealth,* 1 Dana 523; *Commonwealth* v. *Gordon,* 15 Pick. 193, 197.

State *e.* Kinne.

So he may plead *nul tiel record* of the recognizance aforesaid. *Commonwealth* v. *Gordon*, 15 Pick. 197; Com. Dig. 706; *Grisby* v. *The State*, 6 Yerg. 354; *Dangerfield* v. *State*, 4 Howard 658.

The points of objection to this *scire facias* are not stated in the case. Whether it could be maintained in the Common Pleas is not necessary to be determined. The recognizance was taken for $200, while the statute fixes the maximum on such appeals at $100. Rev. Stat., ch. 222, sec. 2. The $200 were probably required because there were two defendants. But if that was so, ought not the recognizance to have been taken for $100 for each one, instead of jointly for $200? A separate sentence was imposed upon each.

Again, this *scire facias* shows that only a copy of the record of the *recognizance* was sent to the Common Pleas, whereas the statute requires the justice to make out and file a copy of the process and records in the cause. Rev. Stat., ch. 222, sec. 4; *State* v. *Stearns*, 21 N. H. 106.

There is also no allegation in the *scire facias* that the default and non-appearance of the principals in the recognizance, and also of the defendants, appears of record.

But we do not propose to enter into any discussion at this time of these points, or others that might perhaps be suggested, farther than what has already been stated in the course of the opinion; for it is apparent from the views that we have expressed, and the authorities cited, that this court has no jurisdiction of the present proceeding. The appeal from the judgment of the justice was rightfully taken to the Common Pleas, and the recognizance that was entered into was to appear and prosecute the appeal there. The justice sent a copy of the recognizance to that court, and the defendants were there defaulted, and there the record remains. It has never in any way been removed to the Supreme Court, and there is nothing in the records of this court on which to found the *scire facias*.

A *scire facias* can only issue from that court which has possession of the record upon which it is founded. We have no record here upon which to found this suit, and consequently it must be dismissed.