## THE STATE v. GRAY.

Criminal law: PAYMENT OF FINE NO RELEASE FROM COSTS. Under our statute (Rev., § 4881), the power of the court to direct the imprisonment of a defendant against whom a fine is assessed, until the same is satisfied, does not extend to the costs incurred in the case. Hence a payment of the fine assessed and the discharge of the defendant from custody, does not operate to release him from the costs adjudged against him.

*Appeal from Linn District Court.*

MONDAY, DECEMBER 18.

THIS is an appeal from the decision of the district court on a motion made by the defendant to set aside the execution and cancel the judgment. The court overruled the motion, and the defendant appeals.

*Daniel Gray, pro se.*

*M. E. Cutts*, attorney-general, for the State.

COLE, J. — On the 16th day of November, 1866, the defendant, Daniel Gray, was, by the district court of Linn county adjudged to pay a fine of $200 and the costs of the proceeding. As soon as the judgment was pronounced, the defendant, who was within the bar, was, pursuant to a verbal order of the court, taken into custody by the sheriff, and upon paying the amount of the fine to the sheriff, was discharged from custody — all this occurred before the costs were taxed or the clerk had time to tax them, and no costs or fees were demanded of the defendant before his discharge from custody by the sheriff.

On the 31st day of October, 1871, execution was issued upon said judgment for the costs. This motion is made to set aside the execution and cancel the judgment grounded upon the theory that a satisfaction of the fine and a discharge from arrest or custody amounted to a satisfaction of the judgment or fine, and costs. Under the now obsolete statutes and decisions respecting arrest and imprisonment for debt, this result might probably have been maintained. See *Lathrop* v. *Briggs*, 8 Cow. 171, and cases there cited. But, under our statute, the power of a court in such cases only extends so far as to " direct that he be imprisoned until the fine be satisfied." Rev., § 4881. There being no power in the court to detain the defendant in prison or in custody until he should pay the costs, it would seem conclusive that the failure to thus detain him could not operate to discharge him from such payment.

Affirmed.