The State v. Erwin.

---

### THE STATE v. ERWIN ET AL.

1. **Criminal Law**: IMPRISONMENT FOR NON-PAYMENT OF COSTS. Authority to imprison for non-payment of costs is not expressly given by statute and will not be inferred, and accordingly a court cannot sentence a person to stand committed until a fine and costs are paid.

*Appeal from Van Buren District Court.*

TUESDAY, OCTOBER 24.

THE defendants were indicted and convicted of the crime of nuisance and now appeal to this court.

*Lea & Beaman*, for appellants.

*M. E. Cutts*, Attorney General, for appellee.

ADAMS, J.—I. The defendant, Isaac Erwin, offered as a witness in his behalf his co-defendant, J. H. Erwin. The State objected to the witness and the court sustained the objection. It is conceded by the Attorney General that J. H. Erwin was a competent witness for Isaac Erwin, and such we think is the law.

II. The District Court sentenced the defendant, J. H. Erwin, to pay a fine of $45, and costs taxed at $70.50, and be 1. CRIMINAL confined at hard labor in the county jail, under the law: imprisonment for direction of the sheriff, until the fine and costs non-payment of costs. should be paid. It is contended that the court

erred in ordering that the defendant should be imprisoned until the costs should be paid, and such is our opinion.

Section 4509 of the Code provides, in case of fine, for imprisonment until the fine shall be satisfied. Section 4611 of the Code provides that, "when any person convicted of a criminal offense is sentenced to pay a fine and costs only, and stand committed until sentence be performed, if the sentence be not complied with by payment of the sum due within thirty days next following, the sheriff may liberate him from prison, if committed for no other cause, and if he be unable to pay such fine and costs."

The said section seems to assume that a person may be sentenced to stand committed until the costs are paid; but authority to imprison for non-payment of costs could not arise from mere assumption that it has been conferred. Not having been expressly conferred we think it does not exist.

It is claimed by the Attorney General that the costs are a part of the penalty. In one sense this is true; but they are not a part of the fine; the costs might exceed the amount of the fine which the court could by law impose. The judgment of the District Court should be so modified as to provide for imprisonment only until the fine should be paid or satisfied, but the imprisonment should not exceed one day for every $3⅓ of the fine. Code, Sec. 4509; *State v. Jordan*, 39 Iowa, 387. The judgment, then, as to the defendant, J. H. Erwin, should be modified and affirmed, and as to the defendant, Isaac Erwin, it should be

REVERSED.