STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ROBERT E. DELANEY, PLAINTIFF IN ERROR.

Submitted March 12, 1908—Decided June 15, 1908.

1. A writ of *scire facias* on a recognizance is considered as process and declaration.
2. When a defendant pleads to a writ of *scire facias* he thereby waives any right to have a declaration.
3. *Non est factum* is not a good plea to a *scire facias* on a recognizance under *Pamph. L.* 1900, *p.* 309.
4. Where a recognizance is conditioned for appearance in the Court of Quarter Sessions, and a writ of *scire facias* issues out of the Circuit Court under *Pamph. L.* 1900, *p.* 309, it is not required that the writ should show a forfeiture of the recognizance and a certification thereof to the Circuit Court.
5. A recognizance, being a debt of record, is to be proved by the record.

---

On error to the Atlantic Circuit Court.

For the plaintiff in error, *Bourgeois & Sooy.*

For the defendant in error, *Theodore Backes* and *Nelson B. Gaskill,* assistant attorney-general.

The opinion of the court was delivered by

VOORHEES, J. The defendant, Robert E. Delaney, entered into a recognizance before a justice of the peace of the county of Atlantic in the sum of $8,000 for the appearance of Charles Barbour and Arthur Allen before the Court of Oyer and Terminer and Quarter Sessions of the county of Atlantic, on

the second Tuesday of May then next ensuing, and not to depart the said court without leave.

Subsequently, on the 8th day of August, 1906, there issued out of the Circuit Court of said county a writ of *scire facias* returnable on the 24th day of August, 1906. After setting forth the said recognizance the writ recited that at a Court of Quarter Sessions of said county on the 6th day of June, 1906, the said Barbour and Allen, although thrice solemnly called, did not appear according to the condition of the recognizance, but made default, and the said Robert E. Delaney being also called to appear and produce the said Barbour and Allen, likewise made default, whereby the recognizance remains against them in full force, and that, on motion of the prosecutor of the pleas of said county, a writ of *scire facias* was awarded commanding the said Barbour, Allen and Delaney that they appear before the Circuit Court of said county on the 24th day of August, to show cause why judgment should not be entered and execution awarded against them for the sum named in the recognizance according to the statute. This writ having been served upon the defendant Delaney, he appeared by his attorneys and pleaded *non est factum*. A notice was appended to the plea that upon the trial of said issue he would prove that at the time of the signing and delivering of the bond of recognizance sued upon the said Delaney was in a state of intoxication, because of which said condition he was unable to understand the nature of the act of signing and delivering the said alleged bond and was at that time unable to understand or undertake to become surety thereon. Issue having been thus joined the cause was brought on for trial before the Circuit Court and a jury. A verdict having been rendered by the jury for the state, judgment was accordingly entered thereon for the sum mentioned in the recognizance, together with costs.

A writ of error sued out by the defendant removes the judgment so entered into this court.

The first error assigned is that no declaration was filed in the cause.

A *scire facias,* whether considered as an original or judicial writ, is an action, and such as the defendant may plead to. It is considered both as process and declaration. It is in the nature of a declaration, and the proper course to take advantage of informalities is by demurrer. 8 *Bac. Abr.* 624; 2 *Tidd's Prac.* 1090.

The defendant, by appearing and voluntarily pleading to the writ and tendering an issue, has waived his right to insist upon a declaration. 1 *Tidd's Prac.* 514.

It is also assigned for error that there was no proof that the recognizance had been forfeited and had been certified into the Circuit Court.

By our statute (*Pamph. L.* 1900, *p.* 309), it is enacted "if such recognizors shall appear at the return of such writ and not show or allege any matter sufficient to discharge them from their recognizance * * * judgment final shall be given against the said recognizors."

"Recognizances are considered as judgments, being obligations solemnly acknowledged and entered of record, and the *scire facias* on those is the judicial writ and proper remedy which the conusee hath * * * to revive the judgment and put in execution, if the conusor cannot stop it by pleading such matter as the law judges sufficient to that end, such as a release," &c. *Jac. Dic., tit. "Scire Facias."*

The plea failed to show any matter sufficient to discharge him from his recognizance. The submission to the jury, therefore, of the issue tendered by the plea was an act of leniency on the part of the court, of which the defendant cannot complain.

The above statute also provides that "if such person shall not appear agreeably to the condition of the recognizance, the court in which such recognizor may be bound to appear may forfeit the same, and the said court or the Supreme or the Circuit Court * * * upon such forfeited recognizance being certified into such court shall be empowered and directed * * * to award a writ of *scire facias.*"

It is not thereby required that the writ should show a forfeiture and a certification to the Circuit Court. The presump-

tion is that these preliminary matters appeared to the Circuit Court before it awarded the writ of *scire facias*. Inasmuch as the defendant has failed to allege these matters in his plea he ought not now to be heard. Under a plea of *non est factum* this defendant cannot take advantage of the objection that the action is brought in the wrong court. 1 *Chit. Pl.* 484.

Error is also assigned because there was no proof of damages or debt before the jury and no amount of debt or damages was found by the jury. The jury found "for the plaintiff and against the defendant" without mentioning any specific amount. A recognizance, being a debt of record, must be proved by the record. 2 *Bl. Com.* 341; 3 *Id.* 331.

The defendant is required to show cause why the conusee should not have advantage of the record. The record was therefore plenary evidence of the amount of the debt. At common law judgment for the plaintiff was that the plaintiff have execution, and the jury were not required to find any specific amount. The debt being certain, judgment, which under the statute is required to be given "as in case of debt," has been properly entered on the finding for the sum mentioned in the recognizance.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.   16.

*For reversal*—None.