STATE OF IOWA, Appellant, v. ROY VAN BUSKIRK, Appellee.

**BAIL: Forfeiture—Record Necessary.** The record of forfeiture of a bail bond must show that the defendant, prior to the entry of forfeiture, was "called," or that the necessity for his appearance was in some manner made known; and *oral evidence* is inadmissible to supply such fact.

**BAIL: Forfeiture—Correction of Docket Entries.** The district court, in an action on a forfeited bail bond, has no jurisdiction to receive oral testimony as to what did or did not take place at the time of the alleged forfeiture, and *to order the justice to correct his docket entries accordingly.*

*Appeal from Plymouth District Court.*—C. C. BRADLEY, Judge.

FEBRUARY 15, 1921.

SUIT against the surety on a bail bond. Judgment for the defendant, on motion for a directed verdict. The State appeals. —*Affirmed.*

*Roseberry & Roseberry,* for appellant.

*J. M. Wormley* and *H. S. Martin,* for appellee.

FAVILLE, J.—The State brings this action to recover the penalty of a bail bond, executed before a justice of the peace. The record shows that, on or about the 20th day of March, 1918, one Oscar Palmer was arrested in Plymouth County, Iowa, charged with a felony. He was brought before a justice of the peace, and, upon his request, the hearing was adjourned, and the appearance bond

1. BAIL: forfeiture: record necessary.

of said defendant was fixed by said justice at the sum of $1,000. A bond was duly executed by the defendant in said criminal proceeding, and by the appellee as surety, and the same was accepted and approved by the said justice of the peace. At the time fixed for further hearing in said criminal cause, the defendant in said action failed to appear, and there was a claimed forfeiture of the bond. This suit was subsequently instituted in the district court on said bond. There was a directed verdict for the defendant, and the State prosecutes this appeal. The appellant attached to its petition in the district court a copy of the bond upon which suit was brought, and subsequently, by amendment, a copy of the transcript of the record of the justice of the peace.

The bond is in the ordinary form of a bail bond, and it was conditioned that the defendant in said criminal action should appear before the justice of the peace at the date to which adjournment was made, and abide the order of the court in the premises.

At the trial of the cause, the appellant produced the justice of the peace as a witness, and by him identified and then offered in evidence the transcript of his record as said justice. The portion of the same material to the question presented on this appeal is as follows:

"And now on this 30th day of March, 1918, said defendant is brought into court by said constable, upon the charge being read over to him, says his right name is Oscar Palmer, and pleads not guilty of the offense as charged in the information, and this cause is now heard.

"Defendant asked for continuance to April 2, 1918, at 1 o'clock P. M. Said continuance was granted. Defendant gave bond in sum of $1,000 for appearance on the above date, April 2, 1918. By mutual consent of both State and defendant, the above cause is hereby continued to May 2, 1918, at 1 o'clock P. M., May 2, 1918. Plaintiff appeared by C. D. Roseberry. Defendant appeared by J. M. Wormley at 2:15 o'clock, and filed affidavit for change of venue. Court held that the affidavit was not legal, as it was signed by proxy. As defendant was not in court, the court overruled affidavit for change of venue, and declared the bond of the defendant forfeited.

"Comes now the defendant's attorney, J. M. Wormley, and excepts to the ruling of the court upon the motion for change of venue, and the defendant, by his attorney, J. M. Wormley, refused to submit to any further jurisdiction of the court over the defendant in the above cause set for hearing at 1 o'clock, after the State by attorney appearing, and J. M. Wormley, defendant's attorney, defendant not being present in court, and J. M. Wormley filed affidavit at 2:15 P. M. for change of venue and overruled and bond forfeited.

"I, R. B. Twogood, hereby certify that the above is a correct transcript of my record in the above entitled cause.

"Signed this 21st day of May, 1918.

"R. B. Twogood,
"Justice of the Peace for Garfield Township,
Plymouth County, Iowa."

When said record was offered in evidence, the State sought to prove by the testimony of the said justice that, at the time at which the defendant in the criminal action was required to appear, the said defendant "was called and was not present, and his bond forfeited." Objections being interposed to questions seeking to elicit this testimony, and the same being sustained by the court, the appellant then asked permission of the court for time in which to have the justice of the peace amend his record, to show that the defendant in the criminal action "was, at the time of the forfeiture of the bond, duly called;" and, objections being interposed to said request, the same were sustained, and the court held that parol evidence was not admissible to change the record made by the justice in said action. Subsequently, a motion for a directed verdict in behalf of the appellee was sustained, and judgment entered thereon, and from such judgment this appeal is prosecuted.

I. The question for our determination is whether or not parol evidence is admissible upon a trial of an action brought on a recognizance bond, to vary and change the record of the court in which said bond was given, and on which it is alleged a forfeiture was declared. We are foreclosed by our previous decisions from an original pronouncement on this question. The case of *State v. Gorley*, 2 Iowa 52, appears to us to be

decisive of the question urged in this case. In that action, a recognizance bond had been given before a justice of the peace, which it was claimed had been forfeited, and suit was brought by the State against the surety on the bond. As in the case at bar, the magistrate before whom the proceeding was originated appeared as a witness, and produced his docket and the entries made therein. The entry, like the one in the case at bar, recited that the defendant did not appear, and that the bond was forfeited. Parol evidence was offered to establish that no forfeiture was taken by calling the defendant, or in any other manner than as shown on the docket entry. The defendants proved by parol that, on the day set for trial, they were present, ready to respond for the defendant in the criminal action, and that no appearance on the part of the State was made, and no forfeiture claimed or taken on said date. The court entered judgment for the State on the bond, and the defendants appealed. Chief Justice Wright, speaking for this court, said:

"But does this record show a default, within the meaning of the law? The accused, by the terms of his bond, and the law, was bound to appear before the justice when his presence was lawfully required. The transcript does not show affirmatively that the State appeared, or sought to further prosecute the complaint; on the contrary, if we are allowed to consider the testimony of the justice and the other witnesses, such appearance is expressly negatived. The failure of the State, however, to appear could not excuse the defendant. But is he so required to appear until he is called, or his presence demanded by the court? Can his default be properly entered until he is called? We think not. And while we are by no means inclined to apply strict rules to the proceedings of these inferior courts, yet we think this is a matter of such substance and materiality that it cannot be dispensed with. We would not require a compliance with any technical form in the entry of such defaults, but the record should show that, in some method, the defendant had an opportunity to know that his presence was demanded and required. Did this record contain anything from which it might be reasonably inferred that Gorley had been called, we should be inclined to overrule the objection; but when it is entirely silent in this respect, we cannot think it would be a safe rule to hold the

bail liable. We need hardly say that, by the practice of all our courts, a calling is deemed necessary before a default can be entered, and that the fact that a party was so called, precedes the entry of the default. Now, it is true that, if a party is present in person, but makes no response to the call, he cannot claim that he was not in default. The law requires that he shall not only be present when called, but, in order to save his default, he shall make what is termed a technical appearance. So, on the other hand, the record should not only show that he was not present, but that he was called. This is the means of legally testing and determining whether he is present. The court cannot otherwise tell that he is in default. And so it appears to have been determined in *Park v. State,* 4 Geo. 329; *State v. Grigsby,* 3 Yerg. 280; *White v. State,* 5 Yerg. 183; *State v. Humphries,* 4 Blackf. 538. * * * Without giving any force to the parol evidence, we hold that the justice's docket did not show such a default as fixed the defendant's liability on the recognizance.''

This has been the law of this state for 65 years, and we are not disposed to depart from it at this time. In *State v. Clemons,* 9 Iowa 534, we said:

''The defendant could not, however, be allowed to prove by parol that the prisoner, Willis Clemons, was in attendance at the September term of the district court, 1856, ready to answer to his recognizance. The appearance of the defendant must be shown by the record. The effect of the evidence would have been to contradict the record by parol evidence. The record shows that the said Willis Clemons, being called at the September term to answer the indictment against him according to the tenor of his recognizance, made default of his appearance. His appearance must be shown by evidence of as high a character as that which shows his default.''

In *State v. Bryant,* 55 Iowa 451, an action was brought on a bail bond. The defendant, in answer, denied that there had been any breach of the conditions of the bond. A demurrer to this answer was sustained, and the court said:

''The demurrer, we think, was correctly sustained. The petition, in alleging the breach of the bond, avers the forfeiture as found by the court, and pleads the record thereof. Now,

this record is conclusive evidence of the forfeiture and of the act upon which the judgment is based, namely, the failure of the accused to appear and answer. This failure to appear is a breach of the bond which is shown by the record. Defendant, in his answer, denies that there has been a breach of the bond. This, if it amounts to anything, is a denial of the failure of the accused to appear, a fact that is conclusively shown by the record. The record cannot be contradicted in this way.''

In *State v. Baldwin,* 78 Iowa 737, we held that the order of forfeiture on a bail bond was conclusive, and that the sureties cannot call in question the facts upon which it is based.

In *Calvin v. State,* 12 Ohio St. 60, the Supreme Court of Ohio, in an action of this character, held that the rules of evidence and sound public policy would not permit the record in respect to the calling and forfeiture of recognizance to be contradicted by parol testimony, and cited with approval some of our earlier decisions.

To the same effect is *United States v. Ambrose,* 7 Fed. 554; *State v. Delaney,* 76 N. J. L. 547 (70 Atl. 311); *Barrett Mfg. Co. v. Shea,* 225 Mass. 252 (114 N. E. 307).

Code Section 5515 provides:

''If the defendant fails to appear for arraignment, trial or judgment, or at any other time when his personal appearance in court is lawfully required, or to surrender himself in execution of the judgment, the court must direct an entry of such failure to be made on the record, and the undertaking of his bail, or the money deposited instead of bail, is thereupon forfeited.''

We are not disposed to deviate from the rule that the record must show, in effect, that the defendant in the criminal proceeding was given opportunity to appear, as required by law, by being called, and that, as he failed to appear, his bond was forfeited. Strictly technical nicety is not required, but there must be a substantial compliance with the essential requirements in a declaration of forfeiture, to fix the liability of the surety on bail bonds. Such are our previous holdings, and we are not disposed to disturb the rule heretofore announced.

II. It is urged in argument by the appellant that the trial court should have permitted the justice of the peace to amend

his record at the time of the trial, and insert therein that the

2. BAIL: for-feiture: correc-tion of docket entries.

defendant in the criminal action was duly called, and failed to appear. We are cited to the provisions of the statute and our repeated holdings with regard to the granting of permission to file amendments to pleadings in civil proceedings in the district court. We think these authorities have no application to such a situation as is presented in the instant case. The district court had no jurisdiction of the records of the justice of the peace, except as they were in evidence upon the trial of the case in the district court. To have attempted to order, in that proceeding, that the justice amend the record in the justice court, would have been to open up the trial of an issuable fact as to wherein and to what extent the said record should be amended. This would be the trial of a collateral matter, upon which evidence could be introduced on both sides of the question, and in which proceeding the parties would be entitled to have notice and to offer proof. The trial court very properly refused to permit such a proceeding in this action. Furthermore, the question of the amending of the record of the justice would, in effect, be nothing more nor less than the admission of parol evidence on both sides to determine what, in fact, took place before the justice in regard to the proceeding on the matter of forfeiting the bond.

Our statute properly requires that the entry in regard to this matter of forfeiture shall be made of record in the court where the forfeiture takes place. A matter of public policy is involved. Such record cannot be impeached in the manner sought in this action. We are not holding that, in a proper proceeding and in a proper manner, the record of the justice of the peace cannot be corrected, to conform to the facts, but this is not such a proceeding; and in an action of this kind, on the recognizance bond, the record of the justice of the peace regarding the matter of forfeiture must be taken to be a verity, and not subject to impeachment by parol evidence.

The rulings of the lower court in the instant case were correct. The motion for a directed verdict was properly sustained, and the judgment of the court is—*Affirmed.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.