STATE OF IOWA, Appellant, v. HAROLD KRONSTADT et al., Appellees.

**BAIL:** Forfeiture—**Mandatory Essentials.** A bail bond cannot legally
1   be forfeited until after the principal is *called* in open court and his nonappearance is made to appear.

**REFORMATION OF INSTRUMENTS:** Instruments Reformable—**Futile**
2   **Reformation.** An instrument will not be reformed when the reformation asked would be entirely futile.

**REFORMATION OF INSTRUMENTS:** Bail Bond—**Necessary Parties.**
3   A bail bond will not be reformed when the defendant on whose behalf the bond was given, and who signed it, is not before the court.

**Headnote 1:** 6 C. J. p. 1046. **Headnote 2:** 34 Cyc. p. 946. **Headnote 3:** 34 Cyc. p. 970.

**Headnote 1:** 3 R. C. L. 62.

*Appeal from Buena Vista District Court.*—JAMES DE LAND, Judge.

DECEMBER 13, 1927.

Action by the plaintiff for the reformation of a bail bond. It was ordered by the court that the plaintiff's petition be dismissed, and that the costs be taxed to the plaintiff. Plaintiff appeals.—*Affirmed.*

*Charles E. Pendleton,* County Attorney, for appellant.

*Whitney & Whitney,* for Marie Fairchild, Eva Fairchild, and Roy A. Gutel, appellees.

WAGNER, J.—On December 29, 1925, information was filed before a justice of the peace, charging Harold Kronstadt with the crime of forgery, and warrant was issued for his arrest, which was served by the sheriff the next day;

*1. BAIL: forfeiture: mandatory essentials.*

and Kronstadt being brought before the justice of the peace, the time for the preliminary examination was fixed for January 9, 1926, and his bond was fixed at $2,500. On the same day, a bond in the required amount was filed with, and approved by, the justice of the peace, the same being signed by Kronstadt. as principal and by the defendants Fairchild and Gutel as sureties. Said bond reads as follows:

"We Harold Kronstadt as principal, ————— as surety, acknowledge ourselves indebted to the state of Iowa, in the sum of twenty-five hundred dollars, upon the following condition:

"Whereas, said Harold Kronstadt has been charged before C. F. Aikin, a justice of the peace in and for Storm Lake Township, Buena Vista County, Iowa, with the crime of forgery, and has been duly arrested thereupon: Now, therefore, if said Harold Kronstadt shall appear and answer said charge at the office of said justice in said township on the 9th day of January, A. D. 1925, at 9:00 o'clock in the forenoon, and abide the judgment of the court without leave, then this obligation to be null and void, otherwise to remain in full force and effect."

The preliminary examination was thereafter continued until the 25th day of January, 1926, at 9:00 A. M., and the record of the justice of the peace for that day is as follows:

"On 1—25—1926, at 9 A. M., case is called. C. E. Pendleton, county attorney, says all parties have been notified, or their attorneys; and no one for the defendant or the bondsmen having appeared, appearance bond is forfeited."

It will be observed that the bond hereinbefore quoted fixes the time that Kronstadt should appear and answer the charge as the 9th day of January, *1925,* instead of the 9th day of January, 1926. This action was brought for reformation of

the bond in this particular, it being the claim of the State that the figures 1925 instead of 1926 were the result of a mutual mistake, and that for said reason the bond should be reformed as asked. It was stipulated at the time of the trial that Kronstadt had not been served with an original notice, and that no one appeared for him in the action, and that the purpose of the required reformation was to start a proceeding to recover under the bond by reason of the alleged forfeiture. Therefore, the sureties on the bond were the only ones in court. The defendant sureties answered by general denial, also asserting that Kronstadt had not been served with original notice, and there had been no appearance for him, and that the court could not reform the instrument without having before it all the parties to be affected by the proposed reformation; and also averring that the reformation would be useless, for the reason that there had not been a legal forfeiture of the bond.

The trial court ordered that the petition of the State be dismissed, and taxed the costs against the State. From this action by the trial court the State appeals.

We do not find it necessary to determine the fact question as to whether or not the figures 1925 instead of 1926 were the result of mutual mistake; but, if we concede arguendo that such is the case, the question still remains, Should

2. REFORMATION OF INSTRUMENTS: instruments reformable: futile reformation.

reformation be ordered? If, although reformation should be granted, as requested by the appellant, there could be no recovery thereon by the State, then equity will not reform the instrument, as equity does not lend its countenance to useless things.

"It is fundamental that the courts will not do vain and useless things; hence an instrument will not be reformed where the reformation asked would be entirely futile * * *." *Burner v. Higman & Skinner Co.*, 133 Iowa 315.

If there was not a legal forfeiture of said bond, then there could be no recovery by the State on the bond reformed as asked. Was there a legal forfeiture of the bond? Under our former pronouncements, this question must be answered in the negative. *State v. Van Buskirk*, 190 Iowa 1147; *State v. Gorley*, 2 Iowa (Clarke) 52.

It is not shown by the record that the defendant was called before the forfeiture was declared, and under the pronounce-

ments of this court, this is imperative. In the *Gorley* case it was said:

"Can his default be properly entered, until he is called? We think not."

It is further stated therein:

"So, on the other hand, the record should not only show that he was not present, but that he was called. This is the means of legally testing and determining whether he is present. The court cannot otherwise tell that he is in default."

In the *Van Buskirk* case, supra, we said:

"We are not disposed to deviate from the rule that the record must show, in effect, that the defendant in the criminal proceeding was given opportunity to appear, as required by law, by being called, and that, as he failed to appear, his bond was forfeited."

This being the law, as held by our previous pronouncements, the reformation asked by the appellant would be of no avail to it.

The appellant calls our attention to a change in the statutory law since the rendition of the decision in *State v. Van Buskirk*, supra, as to the procedure for recovery on a bail bond. But there has been no change in the requirement that the defendant must be called before a forfeiture can be declared, the change being only as to the manner of procedure to collect upon the bond after there has been a legal forfeiture thereof.

There is another all-sufficient reason for denying the relief asked by the appellant. Kronstadt, the principal, is not in court. It is provided, under Section 13612 of the Code, that

3. REFORMATION OF INSTRUMENTS: bail bond: necessary parties. bail is put in by a written undertaking, executed by one or more sufficient securities (with or without the defendant, in the discretion of the magistrate), etc. While, under said section, a defendant is not required to sign the bail bond, yet the defendant Kronstadt did sign the bond in the instant case, and thereby his obligation became that of a principal. The bond so provides.

In the event that the appellant could recover from the sureties on said bond, they, under the principle of subrogation, would have the right to recover from Kronstadt, the principal; and there should be no reformation by the court which would affect the obligations of the parties among themselves without

having all the parties who signed the bond in court, so that all of the signers of the bond would be bound by the requested reformation.

When the appellant asked for the reformation of this bond, it asked for the reformation of a contract.

"The undertaking of bail is a contract between the obligors and the state * * *." 6 Corpus Juris 1010.

The general doctrine as to parties in reformation is that all persons whose interests in the subject-matter, legal or equitable, will be affected by the decree, are necessary parties. * * * Thus the other party to a contract is always a necessary party * * *." 34 Cyc. 967.

"A court of equity should not undertake to reform a written instrument without having before it all the parties to be affected by the proposed reformation." 34 Cyc. 970.

For the above reasons, the order and judgment of the trial court is correct, and affirmance is the result.

Appellees' motion to dismiss the appeal, which was submitted with the case, is overruled.—*Affirmed.*

DE GRAFF and MORLING, JJ., concur.

EVANS, C. J., and STEVENS, ALBERT, and KINDIG, JJ., concur in result.

FAVILLE, J., takes no part.