**Daryl D. LaRUE, Plaintiff,**

v.

**Jack L. BURNS, Iowa District Associate Court Judge for Muscatine County, Defendant.**

**No. 61058.**

Supreme Court of Iowa.

July 26, 1978.

Stephen J. Petersen, Muscatine County Public Defender, for plaintiff.

Considered by MOORE, C. J., and Le-GRAND, REES, REYNOLDSON and MASON *, JJ.

REYNOLDSON, Justice.

In this original certiorari proceeding, plaintiff Daryl D. LaRue alleged defendant District Associate Judge Jack L. Burns proceeded illegally in sentencing him to a six-month contempt of court jail term for failing to pay $8.50 in court costs in a misdemeanor case, and in forfeiting a $500 appearance bond. We now sustain the writ of certiorari previously issued, and remand with directions.

February 4, 1977, LaRue pled guilty to a § 729.1 criminal trespass charge before defendant judge. He received a fifteen-day suspended sentence and was assessed court costs of $8.50.

When LaRue failed to pay the costs, Judge Burns issued a citation alleging LaRue was in contempt for "failing to pay $8.50 costs * * * as ordered by the Court * * * [and failing] to contact the Court concerning payment of the same in violation of 1975 Code of Iowa, Section 665.-2." A warrant was issued for his arrest.

LaRue subsequently was twice arrested and released on bail, and twice failed to appear before the court as scheduled. Judge Burns ordered bail forfeited in the amount of $500 and issued a third arrest warrant. Upon LaRue's final court appearance, he "pled guilty" to the contempt charge and was sentenced to serve six months in county jail.

LaRue asserts Judge Burns lacked authority to order his incarceration and also failed to comply with the provisions of chapter 766, The Code, regarding bail forfeiture.

I. We note preliminarily the petition for certiorari is properly before this court.

■ No appeal lies from an order to punish for contempt but the proceedings may be reviewed by certiorari. § 665.11; *State v. Dist. Ct. in and for Polk Cty.*, 231 N.W.2d 1, 4 (Iowa 1975).

Rule 309, Rules of Civil Procedure, provides writ of certiorari "may be granted only by the district court unless it is directed to that court * * * and then by the supreme court or a justice thereof." See also rule 301, Rules of Appellate Procedure.

■ In making the contempt finding and imposing the six-month sentence, District Associate Judge Burns necessarily exercised the authority of a district judge, not that of a magistrate. §§ 602.32, 602.60 and 665.4; see *State v. Wehde*, 258 N.W.2d 347, 349 (Iowa 1977).

The writ in this case was directed to district court. Our court has jurisdiction to review the action.

■ II. Generally, judgment for costs against a criminal defendant creates a civil, not a criminal, liability. *Van Buren County v. Bradford*, 202 Iowa 440, 441, 210 N.W. 443, 444 (1926). An exception exists if a statute makes court costs part of the fine to be imposed as penalty for an offense. *Id.* Absent such statutory exception, a judgment for costs is to be enforced by execution. § 626.1; see *State v. Rogers*, 251 N.W.2d 239, 242 (Iowa 1977). No statutory exception makes costs incurred in a § 729.1 prosecution part of the penalty.

■ Section 762.32 does authorize punishment for contempt, which may include a jail sentence, upon a defendant's willful failure to make installment payments due upon a judgment imposing a fine. § 665.4. Court costs, however, are not fines. *State v. Erwin*, 44 Iowa 637, 638 (1876). Costs are sums ordinarily taxable for expenses incurred in an action as provided by statute. *State v. Rogers*, 251 N.W.2d at 242; *Woodbury County v. Anderson*, 164 N.W.2d 129, 133 (Iowa 1969); 20 Am.Jur.2d Costs § 100 (1965); 20 C.J.S. Costs § 435 (1940). We do not interpret § 762.32 as providing authority to imprison for nonpayment of costs. See *State v. Erwin; State v. Gray*, 35 Iowa 503, 504 (1872).

* Serving after June 14, 1978, by special assignment.

While a court has inherent power to punish for disobedience of its orders, such power is subject to restriction. See *Knox v. Municipal Court of City of Des Moines,* 185 N.W.2d 705, 707 (Iowa 1971); *Yocum v. Gaffney,* 257 Iowa 207, 210, 131 N.W.2d 826, 828 (1964). The contempt power is to be exercised only to promote fair and impartial administration of the law, uninterrupted by any influence affecting the safety or tending to direct the conclusion of the judge. *Brown v. District Court of Webster County,* 158 N.W.2d 744, 747 (Iowa 1968).

Section 626.1 ("Judgments or orders requiring the payment of money * * * are to be enforced by execution.") provides the applicable procedure for enforcement of this cost judgment. In this case, the record evidences no attempt to comply with this procedure prior to invocation of contempt power.

In light of the circumstances of this case, the availability of the § 626.1 remedy, and policies underlying the contempt power, we hold there was no justification for imposition of a jail sentence. The cost judgment should have been enforced by execution.

III. LaRue requests we order return to him of all but $8.50 of the bail money ordered forfeited.

Proceedings for forfeiture of bail and judgment thereon are civil in nature. *State v. Zylstra,* 263 N.W.2d 529, 531 (Iowa 1978); *State v. Martin,* 252 N.W.2d 438, 441 (Iowa 1977). Strict compliance with provisions of chapter 766, The Code, is required for their enforcement. *State v. Zylstra; State v. Robinson,* 205 Iowa 1055, 1061, 218 N.W. 918, 920 (1928); cf., *State v. Merchandise Seized,* 225 N.W.2d 921, 926 (Iowa 1975) (statutes governing forfeiture of evidence seized are strictly construed to promote their purpose).

The record shows LaRue failed to appear before Judge Burns as scheduled on June 6, 1977, at which time bail was ordered forfeited. The record does not disclose a "call" for LaRue in that proceeding. We are not requested to repudiate our cases holding this a prerequisite to a bail bond forfeiture. *State v. Robinson,* 205 Iowa at 1061, 218 N.W. at 920; *State v. Kronstadt,* 204 Iowa 1151, 1154, 216 N.W. 707, 708 (1927); see *State v. Zylstra,* 263 N.W.2d at 530; *State v. Martin,* 252 N.W.2d at 441. Ordinarily evidence of a "call" must appear from the record to support a bond forfeiture. See *State v. Kronstadt,* 204 Iowa at 1154, 216 N.W. at 708; *State v. Van Buskirk,* 190 Iowa 1147, 1152, 181 N.W. 450, 452 (1921). Further, there is no record of the notice required by § 766.2, or a proper judgment entry under the provisions of § 766.3.

The writ is sustained and the case remanded with directions to deduct and retain $8.50 court costs from the bail attempted to be forfeited, and to refund the remaining amount to LaRue. See *State v. Schultz,* 245 N.W.2d 316, 318 (Iowa 1976).

WRIT SUSTAINED, REMANDED WITH DIRECTIONS.