Per Curiam,
This is a long, dreary and uninteresting record. Were we to go over it in detail, it would involve-an opinion as long, dreary and uninteresting as the record itself. Moreover, no lawyer would ever read it unless beguiled into doing so by something amounting almost to a false pretence, and, in such case, would be likely to rise from its perusal with a feeling that his time had been wasted. We shall content ourselves with one or two general remarks.
It is immaterial that, in drawing the release of the mortgage recorded in Mortgage Book No. 20, it was erroneously described as having been recorded in book No. 30. This was a palpable mistake of the scrivener. There was at that time no mortgage book No. 30, and the mortgage itself was sufficiently described to leave no room for doubt as to what mortgage was released. Aside from this, the plaintiff in error has no standing to raise such a question. It was a good release as to him, and it is a matter with which he has no concern.
There was no contract between the holders of the coupons and the company by which the latter were required to issue scrip therefor. There was an intention to do so, nothing more. This intention was never carried out; the mortgage itself is not evidence of such a contract; the bonds issued under the mortgage were never parted with, and the company had the absolute control over them. Hence, when said bonds were destroyed and the mortgage released, there was an end of it. We do not think, therefore, that'the owners of the coupons referred to, of the second mortgage bonds on the main line from Wilmington to Birdsboro, acquired any vested interest in the mortgage of Jan. 19, 1874, placed upon the branch roads.
Judgment affirmed.