456 P.2d 953

The STATE of Arizona, Appellee,

v.

Kenneth Mack HERVEY aka Kenneth Mack Harvey and Maryland National Insurance Company, Appellants.

No. 1 CA–CR 186.

Court of Appeals of Arizona.

July 1, 1969.

Rehearing Denied July 31, 1969.
Review Denied Sept. 30, 1969.

Moise Berger, Maricopa County Atty., by Joseph A. Mayfield and William J. Carter, III, Deputy County Attys., for appellee.

Ross Anderson, Phoenix, for appellants.

DONOFRIO, Chief Judge.

This is an appeal from an order denying Maryland National Insurance Company's motion to set aside a judgment of forfeiture of an appearance bond posted when Kenneth Mack Hervey was arrested on a fugitive complaint.

On May 23, 1967 a fugitive from justice complaint was filed in the Northwest Phoenix Precinct Justice Court charging Kenneth Mack Hervey (defendant) with being a fugitive from Texas. A warrant for his arrest was issued. He was brought before the Justice of the Peace on May 24th at which time the judge set the hearing for June 9 at 4:00 p.m., and fixed his bond in the sum of $5000. On May 29 a $5000 bond was posted for Hervey's release by Maryland National. The bond, a printed form with blanks filed in, was in the following terms:

"AN ORDER having been made on the (24) day of (May), A.D., 19(67) by (Stanley Kimbal) a Judge of the (N.W. J.P.) Court, of the County of (Maricopa), State of Arizona, that

(Dft)

For Trial, Preliminary Hearing or to answer be held (Hearing) upon a charge of (Dft) upon which he has been admitted to bail in the sum of Five Thousand____ $5000____) Dollars, We, (Dft), as principal, and the MARYLAND NATIONAL INSURANCE CO., a Maryland corporation, as Surety, hereby undertake that the said (Dft) will appear and answer the charge above mentioned in whatever Court it may be prosecuted, and will at all times hold (him)self amenable to the orders and process of the Court, and if convicted, will appear for judgment, and render (him)self in execution thereof, or, if he fails to perform either of these conditions that he will pay to the STATE OF ARIZONA the sum of (Five Thousand) ($5000____) Dollars."

[The parentheses have been used to indicate the hand-written filled-in portions of the bond].

The bond contains a notary's certificate that the person signing for the surety appeared before the notary and acknowledged that he subscribed the name of the surety company and his own as Attorney-in-Fact. Attached to the bond also was his Power of Attorney.

Thereafter on June 12 the fugitive complaint was reset for hearing on July 12. On July 12 the hearing was reset for August 11. On August 11 the record reflects "defendant having failed to appear for a hearing, bench warrant issued and placed in the hands of the sheriff for service. Defendant's bond forfeited to county." The transcript does not show the appearance of the defendant on June 12 or July 12 when the entries were made. Judgment on the bond forfeiture was entered on August 22, 1967.

On December 18 the surety moved for a stay of execution of judgment for a period of ninety days to allow it to make arrangements to bring defendant properly before the law, alleging it was pursuing all possible steps to locate him. The State opposed the motion, alleging that the judgment was entered on August 22, 1967; that by Rule 74, Rules of Criminal Procedure, 17 A.R. S., judgments may be set aside for good cause within twenty days after the entry; and that a period of time greatly in excess of twenty days had elapsed; further that said Rule provides the forfeiture should be set aside in the event there was no breach of the undertaking and that the motion failed to show a lack of breach. On February 15, 1968, the surety's motion for stay was denied. Subsequently a motion to set aside the judgment was filed. The Superior Court denied the motion and this appeal followed.

Appellant contends that certain procedures set out in the statutes covering criminal extradition were not followed and were violative of due process and therefore voided the judgment. Appellant urges that since the court did not have a hearing on the fugitive complaint as provided in A.R. S. § 13–1315 within a fifteen-day period pending requisition papers, the proceedings

with reference to the bond forfeiture were void. Finally, that the resetting of the original hearing beyond the fifteen-day limit without Hervey's presence rendered the court powerless to forfeit the bond for a later failure to appear.

Appellee has raised certain procedural questions to defeat the action. In view of the fact that a decision on the merits calls for an affirmance, we deem it unnecessary to rule on these procedural matters.

Although the record before us is scant, there is no dispute as to certain important facts. Hervey was charged by fugitive complaint with having committed a crime (robbery by assault) in Texas and having fled therefrom. A warrant for his arrest was issued pursuant to A.R.S. § 13–1313. When in custody he contacted the bonding company to post his bail. Following the usual procedure for posting bail for one under arrest, appellant executed the instant bond. The bond filed was one generally used for persons in custody of the law and did not contain the limiting provisions contemplated by A.R.S. § 13–1315 and § 13–1316. The undertaking provided that the accused would appear and answer the charge and at all times hold himself amenable to the orders and process of the court.

An important question to be determined is whether a person charged by fugitive complaint may post a bond with general terms as contained in the instant bond, and if posted, what is its legal effect beyond the fifteen-day period. We believe the answer is that such a bond may be posted as coming within the rules and statutes applicable to bail bonds, and that if it is posted and contains no specific time limitation it is a good continuing bond.

A bond posted under § 13–1316 would appropriately contain the condition that the person charged would appear at a time specified so that he may be available to be arrested on a governor's warrant. Then under § 13–1317, if the accused is not arrested under a governor's warrant by the time specified, the magistrate may discharge him or may recommit him to a further day. If the conditions as to time terminate the bond the statute provides that the magistrate may require the person charged to enter into a new bond to appear at another day.

Looking to other provisions of our law, we find that Rule 38, Rules of Criminal Procedure, defines bail as the security given for the release of a person who is in the custody of the law that he will appear before any court in which his appearance may be required. Hervey was legally in custody of the law. Under Rule 52 a person admitted to bail on a charge that the magistrate is empowered to try is subject to the orders and process of the magistrate. A fugitive complaint is a charge the magistrate is empowered to try. A.R.S. § 13–1313 provides for the charging of a fugitive from justice complaint before the magistrate and that a warrant can issue from him to take the defendant into custody. The bond herein meets all the requirements of law.

Appellant argues that it is important to a bondsman to not be forced beyond the limitations of time contemplated by A.R.S. § 13–1315 because it would impair the bonding company's ability to capture the fugitive if he does not show up for the hearing or within the allotted time specified in the warrant. This argument has merit and would apply to the bond if it had been written with the special terms pursuant to the statute. It does not, however, apply to defeat the present undertaking because of the manner in which the present bond was written and posted. This bond was prepared by the surety with all formality and presented to the court. By its terms it was a continuing bond as distinguished from one containing the special time features contemplated by A.R.S. § 13–1315, and the defendant was released on the strength of it. A bond thus written can serve as a convenience, especially if it obviates the necessity of posting a new bond every fifteen days because of the additional time that might be needed by the parties. This is demonstrated in this case. As it was, the warrant herein issued on

May 23 and the Governor's hearing was not until June 19, some twenty-seven days later. The governor's warrant did not issue until July 7, 1967.

Having written the broader ordinary bond for the release of a person in custody, the bonding company was not without remedy if it had reason to fear because of the time element that the fugitive might not appear or respond to orders and process. It could have still surrendered the person under the Rules of Criminal Procedure, particularly Rules 61 and 62.

■ This is not an instance where the bondsman has placed a cash bond or has placed a bond where the wording of the statute would be read into its terms, but on the contrary is an instance where a well-established bondsman has selected and has agreed to post the broader continuing bond. Some defects of form and recital appear on the bond, but these defects do not render the undertaking invalid. Rule 77, Rules of Criminal Procedure.

■■ To allow the bonding company to modify its contract by inserting the fifteen-day provision would not be just. Defendant no doubt paid a premium to the bonding company so that he might be released from jail until the issues of the extradition had been resolved. The surety saw fit to post the bond in the terms agreed upon and the bond was signed by both parties and approved by the State. The State released the defendant on the strength of the bond. In State ex rel. Ronan v. Superior Court in and for County of Maricopa, 96 Ariz. 229, 393 P.2d 919 (1964) it was said that the procedure for forfeiture is no more than a statutory procedure for a civil suit of breach of contract. Since the bond is a fully integrated contract, the surety would be prevented from denying its terms under the parol evidence rule.

■ Appellant's due process contention creates no problem. There is no evidence showing the warrant was illegally issued. The record indicates that the defendant was in the court on May 24, 1967; the complaint was read to him; the defendant declared his true name to be Kenneth Mack Hervey; the defendant was informed of his legal rights; a "hearing" was set for June 9, 1967, at 4:00 p.m.; bond was fixed in the amount of $5000; and the defendant was committed.

In addition to the record showing defendant's presence, it shows he was advised of several things, and that he spoke about them. Five days later the defendant was released upon the surety bond. The continuances on June 12 and July 12 show no objection. The Governor's hearing was on June 19, a date in between the two continuances. The fugitive complaint is not before us, but we can presuppose that it was under oath, containing the usual allegations of a fugitive from justice complaint. The defendant did not contest the fugitive complaint and apparently was not interested in any formal proof on the complaint at the time he was brought before the court. As to the Texas demand, he had his opportunity to present his side at the Governor's hearing. The issuance of a governor's warrant on July 7 obviated any further need of a hearing on the fugitive complaint. All that remained was defendant's presence before the magistrate so that he might be turned over to the demanding state. The fugitive complaint is only designed to provide a means of holding the defendant until the governor's warrant issues.

> "While there must be an opportunity for a hearing appropriate to the nature of the case, and the hearing must measure up to the standards of due process, no fixed procedure is requisite to make a hearing conform to the requirements of due process." 16A C.J.S. Constitutional Law § 622, p. 826 (1956).

Appellants provide no affidavits or transcripts which indicate that the examinations had herein were less than those required by the statutes.

The record shows the fugitive remained on bond during the processing of the extradition papers and while the Governor

was making an investigation of the demand; that a Governor's hearing was held on June 19, 1967; and the Governor's warrant dated July 7, 1967 was filed with the Maricopa County Sheriff on July 19, 1967. The Governor's warrant was issued only after hearing at which the defendant was permitted to present his side of the matter. After the Governor's warrant issued defendant was not amenable to the court so that he could be turned over to the agent of the demanding state. The forfeiture was valid.

Affirmed.

STEVENS and CAMERON, JJ., concur.