**Meredith SHRIVER, Appellee,**

**v.**

**CITY of JEFFERSON, Iowa and Carroll White, Greene County Treasurer, Appellants.**

**No. 54633.**

Supreme Court of Iowa.

Oct. 13, 1971.

Francis L. Cudahy, City Sol., and R. K. Richardson, County Atty., Jefferson, for appellant.

Richardsons & Handley, Jefferson, for appellants.

MOORE, Chief Justice.

The question here is whether defendant city may by ordinance impose upon plaintiff, abutting property owner, the obligation and financial burden to remove Dutch elm diseased trees from the city parking. On plaintiff's motion for judgment on the pleadings the trial court held the city had no such authority, denied its $170 counterclaim and granted the injunction sought by plaintiff. With approval of the trial court as required by rule 333, Rules of Civil Procedure, the city has appealed. We affirm.

The parties agreed in the trial court there was no material dispute as to facts. Two trees located in the city parking adjacent to plaintiff's property became infected with Dutch elm disease. The city gave plaintiff notice to remove them which he

failed to do. The city removed the trees and caused to be spread in the county treasurer's office an assessment of $170 against plaintiff's property. Plaintiff in turn brought this injunction action to declare the special assessment null and void. The city alleged the assessment was valid and in the alternative counterclaimed for the $170 removal cost.

I. Faced with the problems caused by the sudden spread of Dutch elm disease the 59th General Assembly (1961) enacted chapter 290 dealing with Dutch elm disease in city and towns. It contained two sections. The first added trees infected with Dutch elm disease in cities to the list of nuisances enumerated in Code section 657.-2. The second section provided: "In any city or town the council may order the owner, occupant, or person in charge of any property to remove at his own expense any tree infected with Dutch elm disease *found thereon,* by serving such person with written notice, stating some reasonable time within which such removal shall be made, and if such person fails to comply with said order, the council may cause the same to be executed and the cost assessed *against the property.*" (Emphasis supplied.)

In response to the Pottawattamie County Attorney's request the Attorney General in 1969 considered the same problems as now presented on this appeal. In his opinion filed May 15, 1969 the Attorney General considered the pertinent statutes, including that above quoted (then section 368.3, Code, 1966) and concluded a city could assess "the property" for diseased Dutch elm trees "found thereon" but not for those on the city parking adjacent thereto.

The second session of the 65th General Assembly (1970) revised the statutory provisions for removal of diseased trees to include other infectious diseases of trees, removal of "dead wood" and provided the assessment could be paid in ten annual installments. The Act struck "thereon" and

inserted in lieu thereof the words "upon said property". The statute as revised is now section 368.3, Code, 1971.

Thus it appears the legislature did not disagree with the Attorney General's opinion but again specifically limited any charge against the property owner for removal of diseased trees to those "upon said property".

Code section 368.2 includes this pertinent provision: "Notwithstanding any of the provisions of this section, cities and towns shall not have power to levy any tax, assessment, excise, fee, charge or other exaction except as expressly authorized by statute."

In construing statutes we search for the legislative intent as shown by what the legislature said, rather than what it should or might have said. Rule 344(f)13, R.C.P.

Code section 368.3 does not specifically authorize the assessment made by the city but clearly limits an assessment for removal of infected trees to those found "upon said property".

II. Code section 368.32 authorizes municipalities to confer upon abutting property owner the responsibility for maintenance of trees and shrubbery located on the city parking. It contains no specific power to assess or charge the owner the cost of removal of a diseased tree.

The City of Jefferson by ordinance put on the abutting property owner the responsibility of maintenance of trees and shrubbery on the city parking. Based on the ordinance the city counterclaimed for the $170 expense of removing the two Dutch elm diseased trees.

We need not reach or decide the city's contention that maintenance includes removal of diseased trees for as we have pointed out supra the statute specifically

referring to removal of diseased trees limits the owner's liability for trees on his property.

■ We have consistently held that when a general statute is in conflict with a specific statute the latter prevails whether enacted before or after the general statute. Chicago, R. I. & P. R. Co. v. Iowa State Highway Com'n., Iowa, 182 N.W.2d 160, 162; Goergen v. State Tax Commission, Iowa, 165 N.W.2d 782, 787; Kruse v. Gaines, 258 Iowa 983, 986, 139 N.W.2d 535, 536, and citations. See also 82 C.J.S. Statutes § 369.

We, like the trial court, hold the assessment against plaintiff's property was null and void and further that the city was not entitled to recover on its counterclaim.

Affirmed.

All Justices concur.