STATE of Iowa, Appellee,

v.

Charles Reno MARTIN, a/k/a William Dwight Gottfried, Appellant.

No. 2–57979.

Supreme Court of Iowa.

April 20, 1977.

Johnson, Phelan & Tucker, Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., Nancy J. Shimanek, Asst. Atty. Gen., Barry M. Anderson, County Atty., and Joel J. Kamp, Asst. County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, UHLENHOPP, HARRIS and McCORMICK, JJ.

MOORE, Chief Justice.

Defendant appeals trial court's judgment ordering forfeiture of $4000 cash bond posted by defendant in an extradition proceeding. We affirm.

On June 20, 1974 the Lee County sheriff filed a complaint in the Magistrate Court in and for Lee County alleging defendant Charles Reno Martin, a/k/a William Dwight Gottfried, was charged in the State of California with the crime of first degree robbery. The same day a hearing was held before the Lee County Magistrate. After determining defendant was the person charged in California, the magistrate issued a warrant committing defendant to the county jail for a period not to exceed 30 days to enable extradition pursuant to Code chapter 759, the Uniform Criminal Extradition Act. Bond was set at $4000 which defendant posted in cash on June 24, 1974. The written bond signed by defendant acknowledged it was being posted pursuant to the provisions of chapter 759 and that he was to be held to answer upon a charge of being a fugitive from justice. It included, "I, Charles Reno Martin, a/k/a William Dwight Gottfried, hereby undertake that I shall appear at the Magistrate Court of the County of Lee on the 20th day of July 1974 thereof, and will answer said charge, and submit to the orders and judgment of said Court, and not depart without leave of same, * * *."

On July 17, 1974 the magistrate found the Governor's warrants had not yet reached this jurisdiction and entered an order extending time for defendant's appearance and surrender, as contemplated by section 759.17, 60 days to September 20, 1974 "or until the Iowa Governor's Warrant of Arrest has been issued and forwarded to the jurisdiction and Thomas E. Tucker, attorney for the defendant, has been notified and the defendant given reasonable time to appear."

On September 10, 1974, the county attorney filed an application in magistrate court which stated the Lee County sheriff had received the Governor's warrant for defendant and requested the warrant should issue the following day with notice by personal service to defendant's attorney. The appli-

cation further prayed that defendant's failure to comply with the requested order and surrender himself at the Lee County sheriff's office should result in forfeiture of the cash bond. That same day, the magistrate signed and filed an order which required defendant to appear the next morning at the Lee County sheriff's office; it provided that service on defense counsel was sufficient notice to defendant, and further provided that failure to so appear would result in forfeiture of the bond. The order was served on defense counsel at 11:20 A.M., September 10, 1974. That same day he filed resistance asserting that to proceed as indicated in the order was improper and outside the jurisdiction of the court because not consonant with regular bail forfeiture procedures set forth in Code chapters 766, 767, 768.

When defendant failed to appear at the sheriff's office as ordered the State initiated the present action for forfeiture of his bond. An order was entered October 21, 1974 setting November 20, 1974 as the date for a hearing to show cause why the bond should not be forfeited. Notice was served on Mr. Tucker but authorities were unable to locate defendant to effect service. Defense counsel filed resistance to the forfeiture of bail alleging numerous procedural errors in the proceeding.

After the matter was transferred to district court, hearing was held November 20, 1974, with defendant being absent but represented by counsel. The evidence introduced showed that defendant never appeared at the sheriff's office on September 11 as ordered and that no hearing was conducted September 20 in magistrate court as ordered July 17.

On December 30, 1974 the trial court entered findings, conclusions and judgment of forfeiture. The trial court rejected defense counsel's contentions based on the provisions of chapter 766 which relate to forfeiture of bail posted by a defendant to appear for arraignment, trial or judgment in a criminal case being prosecuted in this state.

The trial court found there was substantial evidence to establish violation of the provisions of chapter 759 and the specific conditions of the bond and entered the forfeiture judgment accordingly.

Additionally the trial court ordered, "[I]f the Defendant can show that the alleged technical violations above recited in some way prejudiced the Defendant's ability to comply with the terms of the bond, then these matters will be taken into consideration upon an application to set aside the Judgment if the Defendant surrenders within 60 days from the date of this order. * * *."

On January 27, 1975 defendant, who had still never surrendered himself to the Iowa authorities for extradition to California, by counsel filed notice of appeal to this court. He contends the ordered forfeiture is invalid because (1) there was no "call of record" as required by section 766.1, (2) he was not lawfully summoned to appear at the sheriff's office and (3) the one-day notice was unreasonable and in contravention of due process.

I. Before addressing the merits, we reiterate some of the general principles governing problems arising in the extradition context. Our review is not de novo and we are bound by the trial court's findings for which there is substantial evidentiary support; we consider only assigned errors and review only those matters properly raised and preserved below. *Hughes v. Waters,* Iowa, 204 N.W.2d 599, 600; *Hill v. Houck,* Iowa, 195 N.W.2d 692, 694.

Interstate extradition of criminals is controlled by federal law which originates in Article IV, section 2 of the United States Constitution and is implemented by 18 U.S.C. section 3182. Iowa, like the majority of other states, has adopted the Uniform Criminal Extradition Act codified as chapter 759 which supplements the federal law. *Hill v. Houck,* supra, 195 N.W.2d at 695; *Evans v. Rosenberger,* Iowa, 181 N.W.2d 152, 155; *Clayton v. Wichael,* 258 Iowa 1037, 1043, 141 N.W.2d 538, 541.

We have liberally interpreted the statute and have held it should not be defeated by

technical defects or omissions. *Hughes v. Waters,* supra. Substantial compliance with its provisions is sufficient. *Clayton v. Wichael,* supra, 258 Iowa at 1042, 141 N.W.2d at 540. Also see, *Vetsch v. Sheriff of Spokane County,* 14 Wash.App. 971, 974, 546 P.2d 927, 929. The rationale for this liberal rule of construction was clearly expressed by the United States Supreme Court in *Biddinger v. Commissioner of Police,* 245 U.S. 128, 132–33, 38 S.Ct. 41, 42, 62 L.Ed. 193, 198.

■ Extradition is intended not as a preliminary inquiry into the merits of a criminal prosecution, but merely as a summary executive proceeding by which a criminal accused can be brought before the appropriate tribunal for adjudication.

■ Finally, we note that defendant has mistakenly treated his appeal as criminal in nature and filed a record with this court. Proceedings for forfeiture of bail and judgment thereon are civil in nature and he should have filed an appendix. *State v. Baker,* 247 Iowa 1224, 1228, 1229, 78 N.W.2d 411, 414; Rule 344.1, Rules of Civil Procedure.

■ II. Appellant first contends the lower court judgment ordering forfeiture of his $4000 cash bond is invalid because there was no "call" of record. In support of his position he cites several cases which have interpreted section 766.1 and required a "call" before forfeiture. See *State v. Robinson,* 205 Iowa 1055, 1061, 218 N.W. 918, 920; *State v. Kronstadt,* 204 Iowa 1151, 1153, 1154, 216 N.W. 707, 708, and citations in each.

However the general bond provisions of our Code are limited to persons charged with offenses against the laws of this State and are not applicable to persons arrested in Iowa for interstate extradition. *Allen v. Wild,* 249 Iowa 255, 259, 86 N.W.2d 839, 842.

Additionally, section 759.18 is a specific statute dealing with forfeiture of bond in extradition proceedings. It provides:

"If the prisoner is admitted to bail, and fails to appear and surrender himself according to the conditions of his bond, the judge, or magistrate by proper order, shall declare the bond forfeited and order his immediate arrest without warrant if he be within this state. Recovery may be had on such bond in the name of the state as in the case of other bonds given by the accused in criminal proceedings within this state."

Being a specific statute dealing with extradition bond forfeiture, section 759.18 controls if there is any conflict with the general provisions in chapter 766. Code section 4.7; *Doe v. Ray,* Iowa, 251 N.W.2d 496 (filed March 16, 1977); *Shriver v. City of Jefferson,* Iowa, 190 N.W.2d 838, 840, and citations.

Defendant's first contention is untenable.

■ III. Defendant next asserts the trial court erred in entering judgment for forfeiture of the bond because he was never "lawfully summoned to appear." The thrust of this argument is that he was never in default on his bond for failure to appear at the sheriff's office on September 11, 1974 for two reasons. First, the State failed to prove he ever violated his bond by failing to appear September 20 at the Lee County Courthouse. Second, the September 10 order was illegal because in contravention of the statutory provisions of section 766.1 which permits forfeitures only for nonappearances in court. His latter reason is untenable under our holding in division II.

It is undisputed that no hearing was held September 20; but then, no hearing was required. Code section 759.16 provides that a magistrate or judge may release a prisoner on bond, "with sufficient sureties, and in such sum as he deems proper, conditioned for his appearance before him at a time specified in such bond, *and for his surrender, to be arrested upon the warrant of the Governor of this state.*" (Emphasis supplied). The orders issued by the magistrate in this case are fully consistent with this section.

As previously stated the July 17 order continued bond "until September 20, 1974 or until the Iowa Governor's Warrant of

Arrest has been issued and forwarded to this jurisdiction." Certainly the magistrate was properly acting within his discretion in continuing bail to enable the defendant to remain free on bond pending his extradition to California. Section 759.17.

Pursuant to the above bond condition, when the Lee County officials received the Governor's Warrant, defendant was ordered "to present himself for service of the Governor's Warrant upon him on September 11, 1974, at 11:00 A.M. at the Lee County Sheriff's office, Fort Madison, Iowa." Defendant's failure to appear as ordered triggered the forfeiture provisions of section 759.18.

The fact defendant was not required to present himself "in court" is also not determinative. Chapter 759 is silent on such a requirement and being the specific chapter on bail in an extradition setting prevails over chapter 766. Section 4.7; *Doe v. Ray,* supra; *Shriver v. City of Jefferson,* supra.

Since the evidence here is undisputed that after the Governor's Warrant was issued defendant was not amenable to the Lee County court in order to deliver him to agents of the demanding state, California, the forfeiture ordered by the district court under these circumstances is valid. See *State v. Hervey,* 10 Ariz.App. 107, 456 P.2d 953, 957; *State v. Svoboda,* 220 La. 260, 265, 266, 56 So.2d 416, 417, 418.

Defendant's second contention is without merit.

IV. Defendant finally contends the order issued on September 10, 1974 ordering him to appear on September 11, 1974, failed to afford adequate notice consistent with due process. For the reasons hereinafter set forth, we disagree.

Defendant's final assignment relating to deprivation of due process is unsupported by citation of any authority and thus is entitled to no recognition by this court. *State v. Janssen,* Iowa, 239 N.W.2d 564, 569; *State v. Glenn,* Iowa, 234 N.W.2d 396, 401, and citations.

Even considering the merits, defendant's argument is unpersuasive. We do not need to decide whether defendant was denied due process by the one-day notice to his lawyer. He had ample notice of the November 20 hearing and, had he chosen to do so, could have then had the hearing he contends he was denied by inadequate notice on September 11. Furthermore, the trial court in its December 30 forfeiture order gave him an additional 60 days within which to obtain such a hearing. This procedure amply provided defendant with due process. See *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).

The judgment of the lower court is affirmed.

AFFIRMED.