STATE of Iowa, Appellee,

v.

Anthony GAY, Appellant.

No. 93–1777.

Supreme Court of Iowa.

Jan. 18, 1995.

Donna M. Humpal of M.W. Liebbe Law Offices, Davenport, for appellant.

Bonnie J. Campbell, Atty. Gen., Mary Tabor, Asst. Atty. Gen., William E. Davis, County Atty., and Michael Walton, Asst. County Atty., for appellee.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, SNELL, and TERNUS, JJ.

SNELL, Justice.

Defendant Anthony Gay has been convicted of willfully failing to appear to stand trial for charges of terrorism and criminal gang participation, in violation of Iowa Code section 811.2(8) (1993). He appeals claiming he did not willfully fail to appear because he was incarcerated in an Illinois jail, had a right to refuse to waive extradition procedures, and thereby established a legal excuse barring his conviction. We affirm.

## I. Factual Background

On May 27, 1993, Rock Island, Illinois police arrested Gay and two companions following an altercation which began in Davenport and ended in Rock Island. Iowa authorities sought warrants to arrest Gay for terrorism and criminal gang participation. Gay thereafter waived his rights to formal extradition proceedings and agreed to return to Iowa to answer the criminal charges.

The State charged Gay with one count of terrorism in violation of Iowa Code section 708.6 (1991), and one count of criminal gang participation in violation of Iowa Code section 723A.2. Gay posted bail by filing a $6500 surety bond in which he agreed to appear before the Scott County District Court to answer the charges. Under the terms of the bond, Gay also agreed to submit to the orders and judgment of the court and not depart without the court's leave. He thereafter appeared with his counsel for arraignment and entered a plea of not guilty. Gay also appeared at a subsequent pretrial hearing during which the court set trial for October 4, 1993.

Prior to the date set for trial, Rock Island authorities again arrested Gay for engaging in criminal activity unrelated to the Iowa charges. There has not yet been an adjudication of these charges and Gay has not admitted guilt. Gay was unable to obtain his release from the Rock Island County Jail on bail or under other conditions of release.

Iowa and Illinois authorities offered to allow Gay to waive his rights under the extradition laws so that he could attend the October 4 trial in Iowa. Gay refused to accept this offer and did not appear at the trial. The Scott County Attorney's office then filed an amended trial information adding a charge of willful failure to appear in violation of Iowa Code section 811.2(8). Following the trials of the two other men arrested with Gay on May 27, the State moved to dismiss the terrorism and criminal gang participation charges against Gay due to a lack of sufficient evidence to gain a conviction. The district court thereafter dismissed these charges.

On November 2, 1993, after trial to the court, and after a consideration of stipulated facts, the district court entered an order finding Gay guilty of the charge of failure to appear. Gay was sentenced to imprisonment for a term not to exceed five years.

On appeal, Gay raises two arguments: (1) because he was jailed in Illinois and had a right to assert extradition rights and refuse to waive those rights, his conviction for willful failure to appear is in error; and (2) Gay's attorney's failure to withdraw from representation after he learned he was listed as a potential witness against Gay at the failure to appear trial deprived Gay of effective assistance of counsel.

## II. Failure to Appear

### A. Standard of Review

We review a verdict rendered in a criminal case tried to the court for sufficiency of evidence to support the verdict. *State v. Taft,* 506 N.W.2d 757, 762 (Iowa 1993); *City of Des Moines v. Huff,* 232 N.W.2d 574, 576 (Iowa 1975); *State v. Price,* 365 N.W.2d 632, 633 (Iowa App.1985). We view the evidence in the light most favorable to the verdict and accept as established all reasonable inferences tending to support it. *Taft,* 506 N.W.2d at 762; *Huff,* 232 N.W.2d at 576; *Price,* 365 N.W.2d at 633. Sufficient or substantial evidence is such evidence as could convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt. *Taft,* 506 N.W.2d at 762. We also inquire into whether the trial court applied erroneous rules of law and the court's deter-

minations of law do not bind us. *Huff,* 232 N.W.2d at 576; *Price,* 365 N.W.2d at 633.

To the extent this issue implicates constitutional rights, our review is de novo. *State v. Scott,* 518 N.W.2d 347, 349 (Iowa 1994); *State v. Riley,* 501 N.W.2d 487, 488 (Iowa 1993); *State v. Hilleshiem,* 291 N.W.2d 314, 316 (Iowa 1980); *State v. Aschenbrenner,* 289 N.W.2d 618, 619 (Iowa 1980); *State v. Post,* 286 N.W.2d 195, 199 (Iowa 1979).

### B. Applicable Law and Analysis

The Extradition Clause of the United States Constitution, article IV, section 2, clause 2, provides for the extradition of fugitives from justice:

> A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime.

*See State v. Martin,* 252 N.W.2d 438, 440 (Iowa 1977); *Sneed v. State,* 872 S.W.2d 930, 933–34 (Tenn.Crim.App.1993). Federal statute 18 U.S.C. section 3182 implements the constitutional extradition law. *Martin,* 252 N.W.2d at 440; *Sneed,* 872 S.W.2d at 934; 31A Am.Jur.2d *Extradition* § 6, at 754–55 (1989). The federal constitutional and statutory provisions regulate interstate extradition and are dominant and controlling on the subject. 31A Am.Jur.2d *Extradition* § 7, at 755.

■ Interstate extradition is generally described as the right of a *state* to demand from the asylum state the surrender of a fugitive. 31A Am.Jur.2d *Extradition* § 7, at 755; *see Wirth v. Surles,* 562 F.2d 319, 322 (4th Cir.1977) (noting several courts have found that "the constitutional provision for the interstate extradition of fugitives and the federal statutes enacted thereunder were designed to benefit the states, not to benefit fugitives"). The purposes of the Extradition Clause are to " 'enable each state to bring offenders to trial as swiftly as possible in the state where the alleged offense was committed,' and 'to preclude any state from becoming a sanctuary for fugitives from justice of another state.' " *Puerto Rico v. Branstad,*

483 U.S. 219, 227, 107 S.Ct. 2802, 2807, 97 L.Ed.2d 187, 195 (1987) (quoting *Michigan v. Doran,* 439 U.S. 282, 286, 99 S.Ct. 530, 534, 58 L.Ed.2d 521, 527 (1978)); *Sneed,* 872 S.W.2d at 934.

■ Although interstate extradition is essentially a federal matter, state law implements the federal law by providing extradition procedures, and is valid so long as it is ancillary to and aids the federal requirements. *Sneed,* 872 S.W.2d at 934; 31A Am. Jur.2d *Extraditions* §§ 4, 8, at 753, 756. As illustrative, under Iowa law, the "Interstate Extradition Compact," Iowa Code chapter 818, and chapter 820, "Uniform Criminal Extradition Act," provide alternative procedures for extradition. Iowa Code § 818.20. These chapters afford a number of procedural rights to fugitives. *See, e.g.,* Iowa Code § 818.7. Section 818.7 provides:

> When an arrest has been made the fugitive shall be taken for an appearance before a judge of court of record who shall inform the fugitive of the demand made for the fugitive's surrender and of the crime with which the fugitive is charged, or other reason for the demand as set forth in section 818.15. Said judge shall apprise the fugitive of the fugitive's legal rights and shall advise said fugitive of the fugitive's right to apply for a writ of habeas corpus.

Section 820.25 provides a formal method for waiver by a fugitive of all extradition procedures. Iowa Code § 820.25. However, this section also notes:

> [N]othing in this section shall be deemed to limit the rights of the accused person to return voluntarily and without formality to the demanding state, nor shall this waiver procedure be deemed to be an exclusive procedure or to limit the powers, rights or duties of the officers of the demanding state or of this state.

*Id.*

Scant authority exists among the jurisdictions regarding whether a state's failure to follow statutorily-mandated extradition procedures is violative of an individual's constitutional rights. The due process clause of the Fourteenth Amendment of the federal

constitution prohibits any state from depriving a person of life, liberty, or property without due process of law. *See Meachum v. Fano,* 427 U.S. 215, 223–24, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451, 458 (1976). However, every "grievous loss visited upon a person by the State" is not sufficient to invoke the procedural protections of the due process clause. *Meachum,* 427 U.S. at 224, 96 S.Ct. at 2538, 49 L.Ed.2d at 458. We must look to the nature of the interest involved, rather than its weight. *Meachum,* 427 U.S. at 224, 96 S.Ct. at 2538, 49 L.Ed.2d at 459.

■ The guaranty of due process extends to rights created by the federal constitution or state law. *Meachum,* 427 U.S. at 226, 96 S.Ct. at 2539, 49 L.Ed.2d at 460; *People v. Sutton,* 19 Cal.App.4th 795, 23 Cal.Rptr.2d 632, 638 (1993). Since the purpose of extradition is to return fugitives to the state of the alleged offense, the only constitutional right implicated is the person's right to personal liberty. *State v. Waggoner,* 124 Idaho 716, 864 P.2d 162, 165 (App.1993); *People v. Makiel,* 263 Ill.App.3d 54, 200 Ill.Dec. 602, 612, 635 N.E.2d 941, 951 (1994). The right to liberty includes a right to freedom from bodily restraint. *Meyer v. Nebraska,* 262 U.S. 390, 399, 43 S.Ct. 625, 626, 67 L.Ed. 1042, 1045 (1923); *Bank of Jackson County v. Cherry,* 980 F.2d 1362, 1367 (11th Cir.1993). Due to the implication of this important interest, an individual's right to proper extradition procedures implicates due process protections. *Cf. Martin,* 252 N.W.2d at 442; *State v. Faison,* 330 N.C. 347, 411 S.E.2d 143, 150–51 (1991).

■ The trial court convicted Gay for violating Iowa Code section 811.2(8) which provides in part: "Any person who, having been released pursuant to this section, willfully fails to appear before any court or magistrate as required shall ... be guilty of a class "D" felony." The court held that since Gay had the opportunity to appear for trial in Iowa, any exercise of whatever rights he had under either the Interstate Extradition Compact or the Uniform Criminal Extradition Act that prevented his appearance amounted to a willful failure to appear for trial. We agree.

The criminal process includes many situations which require a defendant to make difficult judgments regarding which course to follow. *Chaffin v. Stynchcombe,* 412 U.S. 17, 31–32, 93 S.Ct. 1977, 1985, 36 L.Ed.2d 714, 725–27 (1973). Although a defendant may have a right, even of constitutional dimensions, to follow whichever course he chooses, the Constitution does not always forbid requiring him to choose. *Id.* The deciding factor is whether compelling the election impairs to an appreciable extent any of the policies behind the rights involved. *Id.* In *Chaffin,* the United States Supreme Court held that the possibility that a defendant may get a higher sentence in a second trial does not impermissibly chill the exercise of her right to challenge her first conviction by direct appeal or collateral attack. *Id.,* 412 U.S. 17, 29, 93 S.Ct. 1977, 1984, 36 L.Ed.2d 714, 725.

With regard to a fugitive's rights, the policies behind statutory extradition procedures are presumably to provide the fugitive with notice and the ability, by way of a hearing, to ensure the validity of the demanding state's extradition request. *See Parks v. Bourbeau,* 193 Conn. 270, 477 A.2d 636, 640 (1984). Those policies and the fugitive's exercise of extradition rights are not impermissibly chilled in this instance by the consequences of his refusing to waive the extradition hearing. The rights at stake here do not rise to the level of the rights considered by the United States Supreme Court in *Chaffin.* We hold that the imposition on Gay of the choice of waiving his right to an extradition hearing or suffering the consequences of conviction for failure to appear, under these circumstances, did not violate Gay's right to due process. Gay's voluntary decision to challenge his extradition after he had agreed to appear at trial constituted a willful failure to appear thus providing the element necessary for conviction under Iowa Code section 811.2(8). The conviction by the trial court is affirmed.

## III. Ineffective Assistance of Counsel

Gay argues that he was denied effective assistance of counsel by the fact that his attorney failed to withdraw from his representation when he learned that he had been listed as a witness against Gay in the failure

to appear trial. Gay did not raise this ground at trial, but instead has raised it for the first time on appeal. We have considered a challenge to the effectiveness of counsel raised for the first time on appeal under similar circumstances. *See State v. Kellogg*, 263 N.W.2d 539, 543 (Iowa 1978). We review claims implicating constitutional rights de novo. *Scott*, 518 N.W.2d at 349.

 To establish ineffectiveness of trial counsel, in derogation of one's Sixth Amendment right to counsel, the defendant carries the burden of proving that: (1) counsel failed to perform an essential duty; and (2) prejudice resulted due to counsel's failure. *State v. Tracy*, 482 N.W.2d 675, 679 (Iowa 1992). Iowa Code of Professional Responsibility DR 5–102 provides:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer or member of the firm may be called as a witness other than on behalf of the client, the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial to the client.

Although the better procedure would have been for the attorney to withdraw upon learning he could have been called as a witness, we find that Gay has failed to carry his burden of demonstrating that he experienced prejudice as a result of his attorney's continued representation. Gay does not deny that he refused to appear for his scheduled trial in Iowa. Such an action in this instance ensured his conviction for willful failure to appear. We therefore find no prejudice which could have resulted from his attorney's failure to withdraw his representation and deny Gay's request for a remand or reservation for postconviction proceedings.

**AFFIRMED.**