United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3928
_____

| | | |
|---|---|---|
| Anthony Gay, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| State of Iowa, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: September 24, 1997
Filed: October 20, 1997

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

In July 1993, the State of Iowa (Scott County) charged Anthony Gay and two others with the crimes of terrorism and criminal gang participation. Gay, who was in custody in Rock Island County, Illinois, signed a waiver of extradition, which stated that a Rock Island County circuit court judge had informed him of the Iowa charges; that a demand for his return to Iowa had been made; that he had the right to procure counsel, to test his present detention by writ of habeas corpus, and to demand issuance and service of a warrant of extradition; and that he freely and voluntarily waived issuance and service of "all extradition proceedings" and consented to return to Iowa.

Upon his return to Iowa, Gay was released on bond and subsequently attended the pre-trial conference at which an October 4, 1993 trial date was set.

Prior to October 4, Gay was again arrested and held in custody in Rock Island County, Illinois. Although officials made arrangements for Gay to be returned to Iowa in time for his criminal trial, Gay declined to do so, instead insisting that formal extradition procedures be followed. Gay was subsequently charged with, and convicted of, willfully failing to appear for trial, in violation of Iowa Code Ann. § 811.2(8) (West 1994). Gay was sentenced to a prison term not to exceed five years, and the Iowa Supreme Court affirmed. See State v. Gay, 526 N.W.2d 294 (Iowa 1995).

Gay then filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which the district court[1] denied. We conclude the district court correctly determined that Gay was not entitled to habeas relief, as he had already waived formal extradition procedures for the pending criminal charges and had agreed to appear at trial on those charges.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Honorable R.E. Longstaff, United States District Judge for the Southern District of Iowa.