# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-1754
Filed February 25, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Kra' Saunda La Nia Lloyd,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Black Hawk County,
The Honorable W. Patrick Wegman (trial) and The Honorable Patrice J.
Eichman (motion to dismiss), Judges.

———————————

**AFFIRMED**

———————————

Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer,
Assistant Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Ahlers, P.J., Badding, J., and Telleen, S.J.
Opinion by Telleen, S.J.

**TELLEEN, Senior Judge.**

Kra' Saunda Lloyd appeals her convictions for person ineligible to carry a dangerous weapon (count I) and possession of marijuana (count III),[1] arguing insufficient evidence supports her conviction for count III and raising constitutional challenges to her conviction for count I. Because sufficient evidence supports Lloyd's conviction under count III and her appeal to count I is foreclosed by our supreme court's ruling in *State v. Woods*, 23 N.W.3d 258, 262 (Iowa 2025), we affirm.

## BACKGROUND FACTS AND PROCEDURE

In August 2022, a law enforcement officer attempted to stop Lloyd after observing her swerve around turning vehicles on her motorcycle. A high-speed chase ensued in which Lloyd ran multiple red lights, "shot between lanes and through" traffic queued at several lights, and refused to pull over for squad cars with emergency lights and sirens activated until she fell off her motorcycle near a highway exit. An officer present during the ensuing arrest "smelled an odor of marijuana coming from [Lloyd's] person." Lloyd informed officers that there was a firearm in the backpack she was wearing at the time of the arrest. Upon searching the backpack, officers found a black handgun and a bag containing marijuana.

Lloyd was charged with person ineligible to carry a dangerous weapon, eluding, and possession of a controlled substance—marijuana. A jury convicted Lloyd as charged, and she now appeals.

---

[1] Lloyd was also convicted of eluding, a conviction which she does not now appeal.

## STANDARD OF REVIEW

We review claims that a conviction lacked sufficient evidence for correction of legal error. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). We give de novo review to a claimed violation of state or federal constitutional rights and evaluate the claim "based on the totality of the circumstances as shown by the entire record." *State v. Kurth*, 813 N.W.2d 270, 272 (Iowa 2012) (cleaned up).

## DISCUSSION

### I.     Sufficiency of the Evidence

Lloyd first argues she "did not know the marijuana was in the backpack" and so "she was not guilty of possession of a controlled substance." Thus, she contends the State presented insufficient evidence to support her conviction for possession of a controlled substance—marijuana.

"We will uphold the verdict . . . if substantial evidence supports it." *State v. Schiebout*, 944 N.W.2d 666, 670 (Iowa 2020). Evidence is substantial if it could "convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *State v. Crawford*, 972 N.W.2d 189, 203 (Iowa 2022). "We view the evidence in the light most favorable to the verdict and accept as established all reasonable inferences tending to support it." *State v. Gay*, 526 N.W.2d 294, 295 (Iowa 1995).

The jury was instructed that the State must prove both of the following elements:

> 1. On or about the 16th day of August 2022, [Lloyd] knowingly or intentionally possessed marijuana.

> 2. [Lloyd] knew that the substance she possessed was marijuana.

The jury was further instructed that "to know or have knowledge of something means she had a conscious awareness that she possessed marijuana."

As Lloyd points out, one's exclusive possession of a substance generally creates a rebuttable inference of knowledge. *See State v. McDowell*, 622 N.W.2d 305, 308 (Iowa 2001). Lloyd does not deny that the marijuana was in her exclusive possession while she carried it in the backpack she wore as she eluded police on the motorcycle. But she argues her testimony rebuts any presumption of knowledge for two reasons. First, Loyd testified that the backpack did not belong to her—it belonged to her fiancé, who had asked her to bring it to him. She therefore argues it was not in her exclusive dominion. Second, because Lloyd informed the police about the existence of the handgun, but not the marijuana, she contends she clearly did not know the marijuana was located in the backpack.

We do not find Lloyd's argument convincing. For one, the jury was not required to credit Lloyd's self-serving testimony denying knowledge of the marijuana. *See State v. Liggins*, 557 N.W.2d 263, 269 (Iowa 1996). The jury was free instead to credit the testimony of the law enforcement officer during which he claimed to have "smelled an odor of marijuana coming from [Lloyd's] person." A reasonable fact finder could conclude that an obvious odor of marijuana would alert Lloyd of the marijuana she was carrying. The jury also could have considered Lloyd's attempts to dangerously evade law enforcement. And Lloyd's other theory—that informing police of the firearm inside the backpack without also informing them of the marijuana suggests her lack of knowledge of the marijuana—does not contradict a finding that she did have knowledge of the marijuana. A reasonable fact finder could conclude that her knowledge of the firearm's existence meant she was also

4

aware of the backpack's other contents, which included the marijuana. Sufficient evidence supports Lloyd's conviction on count III

## II.    Constitutional Challenges

Lloyd raises both facial and as-applied constitutional challenges[2] under the Second Amendment of the U.S. Constitution and article I, section 1A of the Iowa Constitution to her conviction on count I pursuant to Iowa Code section 724.8B (2022). The State contends Lloyd failed to preserved error on her as-applied challenges. Assuming without deciding that error is preserved, we reject Lloyd's as-applied challenges because our supreme court has squarely rejected such challenges on nearly identical facts.

At the time that Lloyd filed her appeal in this case, our supreme court had not directly addressed the constitutionality of section 724.8B in this context. That changed when our supreme court decided *Woods* during this appeal's pendency. *See* 23 N.W.3d at 277. Like Lloyd, Woods was found in

---

[2] As our supreme court explained in *Woods*:

In a facial challenge to a statute, the party contends that there is "no application of the statute [that] could be constitutional under any set of facts." *Doss v. State*, 961 N.W.2d 701, 716 (Iowa 2021) (quoting *Bonilla v. Iowa Bd. of Parole*, 930 N.W.2d 751, 764 (Iowa 2019)). In an as-applied challenge, the party "alleges the statute is unconstitutional as applied to a particular set of facts." *Id.* (quoting *Bonilla*, 930 N.W.2d at 764). A facial challenge "is the 'most difficult challenge to mount successfully,' because it requires a defendant to 'establish that no set of circumstances exists under which the Act would be valid.'" *United States v. Rahimi*, 602 U.S. 680, 693 . . . (2024) (quoting *United States v. Salerno*, 481 U.S. 739, 745 . . . (1987)). To successfully prevail against a facial challenge, the "[g]overnment need only demonstrate that [the challenged law] is constitutional in some of its applications." *Id.*

23 N.W.3d at 263 n.2.

possession of marijuana while simultaneously carrying a firearm in a backpack. *See id.* at 262. In *Woods*, a majority of our supreme court agreed that "there is no federal or state constitutional right to carry a pistol in the same backpack with one's illegal drugs." *Id.* at 277 (plurality decision); *see also id.* at 278, 283–84 (Oxley, J., concurring in the judgment). This holding controls the disposition on Lloyd's as-applied constitutional challenge[3] and "squarely forecloses" the relief she requests from us. *State v. Dunn*, No. 24-1620, 2026 WL 43254, at *1 (Iowa Ct. App. Jan. 7, 2026).

We affirm Lloyd's challenged convictions.

**AFFIRMED.**

---

[3] As the supreme court stated in *Woods*, "[w]e need not dwell on the distinction between [facial and as-applied] challenges here because section 724.8B 'is constitutional as applied to the facts of [Lloyd's] own case.'" *See Woods*, 23 N.W.3d at 263 n.2 (citation omitted).